Lester TRIMBLE, Appellant,

v.

STATE of Missouri, Respondent
(two cases).

Nos. 61360, 61516.

Supreme Court of Missouri,
En Banc.

Feb. 11, 1980.

Karl L. Madden, Jr., Moberly, for appellant.

John Ashcroft, Atty. Gen., Steven Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

These two cases were consolidated on appeal after this Court granted transfer in cause No. 61360 and the Court of Appeals, Western District, transferred cause No. 61516, after opinion, to this Court pursuant to Rule 83.02. Both involve felony convictions under § 564.440, RSMo, which in part provides that: "No person shall operate a motor vehicle while in an intoxicated condition. Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor on conviction for the first two violations thereof, and a felony on conviction for the third and subsequent violations thereof . . ."

Two separate but interrelating sets of facts are involved here, although both causes are appeals from denials of Rule 27.26 motions after evidentiary hearings.

On January 29, 1969, appellant pleaded guilty in Boone County to a misdemeanor charge of driving while intoxicated. He was not represented by counsel on that charge,[1] and punishment was assessed at a fine of $100 with no jail term.

On April 1, 1970, appellant pleaded guilty in Saline County to another misdemeanor charge of driving while intoxicated. He had been charged originally with driving while intoxicated—third offense, a felony, but that complaint was withdrawn and appellant instead was charged with a misdemeanor offense. In the proceedings on that charge, appellant was represented by counsel, and a 30-day jail sentence was imposed.

On September 22, 1975, appellant pleaded guilty in Boone County to a felony charge of driving while intoxicated. He was represented by counsel and the judge imposed a three-year prison sentence which was then suspended. Appellant was placed on probation for five years on condition that he spend 30 weekends in the county jail, that he be supervised by the board of probation and parole, that his right to operate a motor vehicle be suspended for life and that at no time shall he occupy a private passenger vehicle or truck while using alcoholic beverage.

It is from this last conviction that appellant sought relief through a Rule 27.26 motion in No. 61360. In that motion he advanced two claims: (1) The sentence rendered in the 1975 felony conviction was in violation of his right to counsel under the sixth and fourteenth amendments to the United States Constitution because it was

---

1. Appellant submitted in his 27.26 motions that he did not have or knowingly waive counsel in the following misdemeanor convictions for driving while intoxicated:

| August 18, 1967 | Howard County |
| February 13, 1968 | Coaker County (outstate) |
| January 29, 1969 | Boone County |
| April 1, 1970 | Saline County |

It should be noted that the record in the Saline County case showed appellant to have been represented by counsel. The two earlier convictions are not in issue here.

predicated upon invalid prior misdemeanor convictions for driving while intoxicated that were obtained against him without benefit of counsel; and (2) the conviction and sentence in the 1975 case violated his right to effective assistance of counsel as guaranteed by the sixth and fourteenth amendments because his attorney failed to investigate the validity of his prior convictions; and, had he done so the attorney would have discovered their invalidity and presumably would have challenged the felony charge against appellant.

The event which most likely triggered the filing of that 27.26 motion occurred in 1977. On May 23 of that year appellant pleaded guilty to a felony charge of driving while intoxicated. He was assisted by counsel in that case and was given a three-year prison term to be served consecutively to the three-year sentence under the 1975 conviction. The execution of this sentence was suspended and he was placed on probation for five years.

On August 1, 1977, Judge Conley set aside the order of probation on the 1975 conviction based on violations of four conditions of his probation. He ordered the original three-year sentence executed.

On August 15, 1977, Judge Cave ordered the three-year sentence imposed on the 1977 conviction executed after the facts in the probation violation report were admitted.

Appellant's second 27.26 motion, No. 61516, was filed April 26, 1978 to vacate and set aside the 1977 conviction and sentence on the ground that the latter conviction was invalid because the 1975 conviction on which the 1977 conviction was based was unconstitutional because he had been denied effective assistance of counsel then.

Each 27.26 motion was heard separately by a different judge.[2] The motions were denied after an evidentiary hearing in each case.

On appeal, the Western District affirmed the denial in No. 61360, the 1975 conviction. It later affirmed the other denial, No. 61516, on the basis of the earlier case.

The first issue to be addressed is whether the prior 1969 uncounseled conviction is valid, and if so, is it valid for all purposes, including its use to enhance the classification of the later crime. If the answers to these questions are in the affirmative, then the issue of ineffective assistance of counsel becomes moot.

The right to counsel is far-reaching but not all-encompassing. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) established that the due process clause of the fourteenth amendment required that every indigent defendant charged with a felony was entitled to assistance of counsel. For a time after *Gideon*, rules developed in connection with the right to trial by jury were applied as well to the right to counsel so that for any crime for which imprisonment for more than six months was authorized, a defendant was entitled to counsel and a jury trial. *See Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). In 1972, the right to counsel rule was defined further in *Argersinger v. Hamlin*, 407 U.S. 25, 37, 40, 92 S.Ct. 2006, 2012, 2014, 32 L.Ed.2d 530:

> We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at this trial . . . Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel.

The most recent case in this area is *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), wherein it was contended that *Argersinger* required appointment of counsel whenever imprisonment is an authorized penalty. The United States Supreme Court rejected this argument, saying that the sixth and fourteenth amendments to the U. S. Constitution "require only that no indigent criminal defendant be sen-

2. Judge Conley heard the motion in 61360. Judge Riley heard appellant's motion in 61516.

tenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Id.* at 374, 99 S.Ct. at 1162.

From these cases, it is clear that appellant's 1969 misdemeanor conviction for which he was assessed a fine is valid under *Argersinger* and *Scott.* Because that conviction complied with the requirements of the U. S. Constitution for purposes of imposition of its own penalty, it is valid as well in its use as one predicate for the third offense felony charge. Thus, no violation of appellant's right to counsel or due process occurred because of the use of the uncounseled misdemeanor conviction. Necessarily, neither was appellant deprived of his right to effective assistance of counsel by his failure to investigate the prior convictions because any inquiry thereof would only have revealed two valid prior convictions.

The judgments are affirmed.

BARDGETT, C. J., DONNELLY, RENDLEN and SEILER, JJ., STOCKARD, Special Judge, and HENLEY, Senior Judge, concur.

HIGGINS and WELLIVER, JJ., not sitting.