**STATE of Missouri, Plaintiff-Respondent,**

v.

**Joseph Martin DELANEY, Defendant-Appellant.**

No. 13437.

Missouri Court of Appeals, Southern District, Division Two.

July 17, 1984.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Aug. 6, 1984.

J. Kent Howald, Pros. Atty., Steelville, for plaintiff-respondent.

John D. Beger, Price & Beger, Salem, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of driving while intoxicated. He was sentenced to 30 days in the county jail and fined $100. Defendant contends that the state's evidence was insufficient to sustain the conviction as its "case against the defendant was entirely circumstantial because no one saw the defendant actually drive the vehicle nor did the defendant admit that he had been operating the vehicle at the time in question."

Certain principles are applicable in our review. In determining if the evidence

is sufficient to support the charge, the evidence and all reasonable inferences must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979).

■ That no one testified that defendant was driving the vehicle does not mean that the state failed to sufficiently prove that he was. Any fact can be established by circumstantial evidence. *State v. Chase*, 444 S.W.2d 398, 402 (Mo.banc 1969). To establish facts by circumstantial evidence, the circumstances must be such as are inconsistent with defendant's innocence, but it is not necessary that they be absolutely conclusive of his guilt. *State v. McGee*, 592 S.W.2d 886, 887 (Mo.App.1980).

■ Viewed in light of the above principles, the state's evidence was sufficient. A highway patrol trooper testified that he was following a van on Interstate 44 near Cuba. It was moving "from side to side kind of in a weaving manner". As he was following it, a light came on inside the van. He saw a person wearing a red sleeve seated in the "driver's seat", reach up and turn the light off. Shortly after that he turned the red lights of his vehicle on and the van pulled over on the shoulder.

As soon as the van and his car stopped the trooper stepped out of his car and walked to the rear of the van. He shone a flashlight through the back windows of the van. This occurred about 10 to 15 seconds after the vehicles stopped. He saw four people in the van, each sitting in a separate chair, two in chairs in the front of the van and two in chairs behind them. Each of the chairs was a "single person chair". One person in the van was wearing red and he was located in the driver's seat.

The trooper then walked around to the left side of the van and up to the door by the driver. As ' he walked up, the door opened and he saw defendant alone in the chair seated behind the steering wheel. The engine of the van was still running and its lights were on. Defendant was wearing a long-sleeved red jacket. He was the only

person in the van dressed in red. After he stopped the van the trooper did not see anyone in it change seats. Defendant apparently owned or at least possessed the van.

Defendant testified that he and Cookie Lock were sharing the seat on the driver's side, but that she was driving. He said he "was over there because this was our first date and we were like two little kids. We were really enjoying it." After they were stopped, he said she was fearful because she did not have her driver's license so he stepped over her to get out and talk to the trooper. Then she shifted to the seat away from the steering wheel. Defendant said he told the trooper that Cookie was driving and he was going to tell him that she didn't have her license, but the trooper was "a little rude" so he did not. Defendant's testimony was corroborated by Cookie and another person who was in the van.

The trooper testified that until defendant was taken to the "zone office" in Cuba, and was asked to take a breathalizer test, he did not say that someone else was driving the vehicle. That was said just after defendant had talked to Cookie at the zone office, 10 or 15 minutes after he was arrested.

"Some circumstantial evidence is very strong, as when you find a trout in the milk." Henry David Thoreau, Journal, November 11, 1854.

Defendant was in the driver's seat, a single person seat, while the van was going down the highway. He was alone in the chair when the trooper looked in 10 to 15 seconds later.

Finding defendant in the driver's seat shortly after the van was stopped may not establish that he had been driving as clearly as a trout indicates milk was watered, but common experience would strongly indicate that he was, and the frailties of mankind may account for the other version of the incident. The jury did not believe that story and were certainly justified in

ignoring it, as it appears to have been concocted in an effort to avoid the charge.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.