STATE of Missouri,
Plaintiff-Respondent,

v.

Raymond E. STARK, Jr.,
Defendant-Appellant.

No. 49587.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1986.

David P. Senkel, Hillsboro, for defendant-appellant.

Gordon Rolla Upchurch, Union, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Raymond Stark, was found guilty of first degree trespass, a Class B misdemeanor, § 569.140 RSMo 1978, by the circuit court of Franklin County, and was sentenced to twenty-eight days in jail. §§ 558.011.1(6) and 560.016 RSMo 1978. Stark was arrested during a child visitation dispute while on the property of his sister-in-law and her husband. Mary, his ex-wife, had taken their two children to stay with

her sister and husband at a time when Stark believed the girls were to visit him. Stark appeared pro se in his own defense. The case was court tried. No record was made on a request for or waiver of a jury.

On appeal, with the assistance of counsel, defendant contends that the trial court violated his Sixth and Fourteenth Amendment federal constitutional rights by failing to offer him assistance of counsel on the record, by failing to adequately advise him on the consequences of proceeding pro se and by failing to make adequate record of waiver in a criminal case when incarceration is a possible punishment. We agree, and so reverse and remand for a new trial.

In criminal cases where jail sentences may be imposed, a right to counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and, absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel at trial. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The parallel principle provides for a constitutional right to defend oneself pro se. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The right to defend pro se is not a limitation on the affirmative duty of the trial court to insure that defendant's waiver is made knowingly, voluntarily and intelligently, and after a penetrating and comprehensive examination of defendant on the record. *State v. Watson,* 687 S.W.2d 667, 669 (Mo. App.1985). "The defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *Watson,* 687 S.W.2d at 669; *citing, Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. The state must prove proper waiver of counsel on the record. *State v. Tilley,* 548 S.W.2d 199 (Mo.App.1977).

Applying these principles, the record does not indicate that the defendant was aware of the dangers of self-representation or that any comprehensive questioning took place. There was no evidence that the defendant knowingly and intelligently waived his right to counsel. Before trial, defendant was arraigned and was informed of the charge against him. We assume he was advised of the range of punishment, including a possible term of imprisonment not to exceed six months or a fine not to exceed $500.00 or both. §§ 558.011.1(6) and 560.016 RSMo 1978. When trial began, the court had the following exchange with the defendant:

THE COURT: Mr. Stark, are you ready?

MR. STARK: Yes, sir.

THE COURT: You're appearing without counsel? You don't have a lawyer?

MR. STARK: No, sir.

THE COURT: Okay. Mr. Upchurch, do you have an opening statement?

After being found guilty, defendant stated to the court before it imposed sentence:

THE COURT: Anything with regard to sentence, Mr. Stark?

MR. STARK: Well, I've already done one night in jail and I didn't like that. As far as a fine is concerned, because of my financial situation, it's jail, because I don't—I cannot pay a large fine.

THE COURT: Don't you understand the jail sentence carries an incarceration fee of ten dollars a day?

MR. STARK: Well, if that's my only choice, that's all I can do.

This is the entire record on the issue of waiver. No effort was made to insure that the defendant made a knowing and voluntary waiver on the record of his right to counsel. There was no examination to discover if the defendant was aware of the risks incumbent with self-representation and there was no chance for the defendant to refuse counsel because none was offered to him. The mere fact that the defendant was made aware at his arraignment of a possible jail sentence is not suffi-

cient to meet the constitutional standards of a searching and thorough examination articulated in *Argersinger, Tilley* and *Watson*.[1] Nor is it enough that the defendant was simply entitled to a reasonable chance to obtain his own counsel before trial. Finally, it is insufficient that the defendant had some legal knowledge gained through concurrent divorce proceedings or knew enough law to subpoena his own witnesses. The defendant's legal ability or knowledge of his possible punishment is not relevant to the preliminary constitutional requirement that the trial court fulfill its affirmative duty to inquire searchingly on the record into the defendant's own understanding of the risks of self-representation and offer assistance of counsel. Instead, these factors relate to the defendant's ability to waive counsel with his "eyes open" after being apprised of the implications of waiver.

Because imprisonment was possible, failure to make this offer of counsel and inquiry of defendant violates the Sixth and Fourteenth Amendments. This is plain error, *Holloway v. Arkansas*, 435 U.S. 475, 476, 98 S.Ct. 1173, 1174, 55 L.Ed.2d 426 (1978), and requires remand.

We reverse and remand for a new trial. Because the error taints the trial which resulted in the judgment of guilt, we decline the state's suggestion to remand for a sentence of a fine only. We express no opinion on any issue which may arise on retrial, including the assessment of punishment, if a judgment of guilt should result.

SIMON and GARY M. GAERTNER, JJ., concur.

---

**1.** This court has suggested advising the defendant that self-representation is unwise, that he will receive no special indulgences from the court, that he must follow technical rules of evidentiary, substantive and procedural law, and that an experienced attorney will conduct the prosecution. Further, the trial court should also inquire into the defendant's intellectual ability to make an intelligent decision, and into his education and familiarity with legal procedures. Appropriate inquiries into defendant's mental capacity should be made if necessary. A defendant should know that he has a right to counsel at no cost if indigent, that if he misbehaves or disrupts trial then his right of self-presentation will be vacated, and that he cannot later claim inadequacy of representation after his efforts. Finally, the court should explore the nature of the proceedings, and establish on the record that the defendant knows what he is doing, and the choice is made with his eyes open. *Watson,* 687 S.W.2d at 670 n. 1; *citing, State v. Quinn,* 565 S.W.2d 665, 676–677 (Mo. App.1978).