Claude Hanks, Creve Coeur, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HOLSTEIN, Chief Judge.

Movant Larry Arthur Ludwig, Jr., following a jury trial, was convicted of murder in the first degree, § 565.003,[1] and was sentenced to life imprisonment, § 565.008.2. The conviction was affirmed on appeal. *State v. Ludwig,* 609 S.W.2d 417 (Mo.1980). On August 1, 1986, movant filed a motion for post-conviction relief under former Rule 27.26.[2] After an evidentiary hearing, judgment was entered denying relief.

Movant appeals claiming that his attorney in the underlying case (defense coun-

---

**Larry Arthur LUDWIG, Jr.,**
**Movant–Appellant**

v.

**STATE of Missouri,**
**Defendant-Respondent**

**No. 15933.**

Missouri Court of Appeals,
Southern District,
Division One.

May 31, 1989.

---

1. Unless otherwise indicated, references to statutes are to RSMo 1978.

2. References to Rule 27.26 are to Missouri Rules of Court (17th ed. 1986). Since sentence was pronounced prior to January 1, 1988, post-con-

sel) was ineffective by failing to investigate the circumstances involving a written statement taken from movant implicating him in the crime.

The record in the underlying case reflects that defense counsel filed a motion to suppress movant's statement prior to trial. The attorney did not present live evidence before the trial judge regarding the motion to suppress, but relied on a transcript of the preliminary hearing. The motion to suppress was overruled. The written statement was admitted in evidence at trial.

In support of the 27.26 motion, movant, his mother, father, and stepfather testified that on April 28, 1978, just prior to movant entering a room where he made and signed the written statement, some person present suggested movant might need an attorney. According to movant and his family members, highway patrol officer Harold Crafton responded, "[I]f you are innocent, you don't need an attorney; if you are guilty, you do."

Crafton testified at the evidentiary hearing that he did not recall making such a statement. He further testified that before he took movant's statement, movant had been given the Miranda warning. Movant admitted receiving the warning, but claims he told Crafton he did not understand his rights. Movant argues that defense counsel's failure to properly investigate by interviewing movant and his family regarding Crafton's alleged comment, and presenting their testimony in support of the motion to suppress, resulted in an involuntary confession being admitted in evidence.

In order to succeed, movant must demonstrate that counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have exercised under similar circumstances, and that movant was prejudiced by such failure. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Assessing the credibility of movant and his family members as witnesses was for the court below, and even when the testimony is uncontradicted, the judge does not have to believe it. *Henderson v. State*, 734 S.W.2d 254, 255 (Mo.App.1987). If the judge did not believe movant's witnesses, movant failed to establish that defense counsel's representation was substandard.

The transcript of the preliminary hearing is not before us. We can only speculate that because movant and his family were not called as witnesses, there was no evidence at the preliminary hearing that Crafton made the statement quoted above. Appellate courts do not consider matters outside the record. *Chaney v. State*, 757 S.W.2d 226, 228 (Mo.App.1988). Even if the transcript of the preliminary hearing were before the court hearing the post-conviction motion, failure to file the transcript as an exhibit on appeal results in a presumption that its contents were favorable to the judgment entered, and not favorable to movant. *Wykle v. Colombo*, 457 S.W.2d 695, 700 (Mo.1970). Without the transcript of the preliminary hearing before us, it is impossible to say that counsel was deficient or movant was prejudiced by counsel's failure to investigate the circumstances of the comment alleged to have been made by the highway patrolman prior to taking movant's statement.

Movant has failed to demonstrate that the judgment was clearly erroneous. Rule 27.26(j). The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.

---

viction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed. Rule 29.15(m), Missouri Rules of Court (20th ed. 1989). Unless otherwise indicated, all other rule references are to Missouri Rules of Court (20th ed. 1989).