**STATE of Missouri, Plaintiff/Respondent,**

v.

**Michael WEST, Defendant/Appellant.**

**No. 70795.**

Missouri Court of Appeals,
Eastern District,
Division Six.

July 22, 1997.

D. Warren Hoff, Jr., St. Louis, for defendant/appellant.

---

Tim Braun, Assistant Prosecuting Attorney, St. Charles County, St. Charles, for respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction following a bench trial for driving while intoxicated, section 577.010, RSMo 1994. The court sentenced him to a jail term of six months. We reverse and remand.

The record reveals that defendant was charged with driving while intoxicated, a class B misdemeanor that carries a penalty of imprisonment for up to six months, a fine not to exceed $500, or both. *See* sections 560.016; 558.011, RSMo 1994. Defendant appeared *pro se* at his pre-trial hearing on January 22, 1996. At the hearing, defendant spoke briefly with the judge and the prosecutor and received a new court date from the court clerk.[1]

Some time in January, defendant requested to be represented by the St. Charles County Public Defender's office. Defendant was subsequently denied appointment of counsel even though he was represented by the public defender system in another matter at that time.[2] Defendant then wrote a letter to the public defender's office asking for representation, but he received no response.

On the day of trial, defendant appeared without counsel and asked the court to hold an indigency hearing. After the court found defendant to be non-indigent, defendant moved for a continuance to allow him to retain an attorney. The court denied the motion and proceeded with the trial. During the trial, defendant repeatedly asserted that he was not prepared and did not wish to waive his right to counsel.

After his conviction, the public defender system provided defendant with counsel during sentencing and on appeal. Defendant filed a motion for a new trial, but the motion was denied following a hearing.

On appeal, defendant asserts that the trial court erred in forcing him to proceed *pro se* at trial because he did not "knowingly and intelligently waive his right to counsel." We agree. This case is controlled by *State v. Kilburn*, 941 S.W.2d 737 (Mo.App. E.D.1997), *State v. Davis*, 934 S.W.2d 331 (Mo.App. E.D.1996), and *State v. Stark*, 706 S.W.2d 899 (Mo.App. E.D.1986).

 It is firmly established that the criminal defendant shall be guaranteed the right of counsel. *Kilburn*, 941 S.W.2d at 739. Absent a knowing and intelligent waiver of counsel, a person may not be imprisoned unless he has representation at trial. *Id.* Therefore, even in cases in which only a fine is imposed, a defendant's right to counsel shall attach if the charged crime carries the potential of imprisonment. *Stark*, 706 S.W.2d at 901.

 The right to counsel, however, can be expressly waived or impliedly waived by a defendant who fails to retain counsel within a reasonable time. *Davis*, 934 S.W.2d at 334. We have recognized a strong presumption against waiver and have placed on the trial court the duty to investigate "as long and as thoroughly as the circumstances of the case before [it] demand" before finding waiver of counsel. *Id.* (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948)). *Before* the trial date, the court must notify the defendant in a hearing held on the record that waiver has occurred. *Kilburn*, 941 S.W.2d at 739; *Stark*, 706 S.W.2d at 900. Then, "the defendant must be 'advised of the difficulties of proceeding without counsel *while there is still time to choose whether or not this right should be waived.*'" *Kilburn*, 941 S.W.2d at 739 (emphasis in original) (citing *State v. Schnelle*,

---

1. No record was made of the January 22nd hearing. The events of the hearing, however, were discussed at the hearing on defendant's motion for a new trial. The prosecutor recalled telling defendant that he could plead guilty, hire an attorney, or set the case for trial. After this conversation, defendant decided to forego the pre-trial hearing and asked the clerk to set the matter for trial.

2. Due to conflicts of interest, defendant's other case, originally filed with the St. Charles office, had been assigned to the St. Louis County office. It was then sent to the state office in Columbia, which finally contracted the case to a private attorney. As a result of this process, the St. Charles office was unaware that defendant was represented by a public defender in another case.

924 S.W.2d 292, 297 (Mo.App. W.D.1996)). Once so notified and advised, the defendant does not have the right to defeat or impede the orderly processes of administration of justice by refusing to obtain counsel. *Kilburn*, 941 S.W.2d at 743.

In *Davis*, we set forth the procedure for obtaining a proper waiver of counsel:

> To be valid, [a] waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

*Davis*, 934 S.W.2d at 334 (quoting *Von Moltke*, 332 U.S. at 724, 68 S.Ct. at 323, 92 L.Ed. at 321). We further stated:

> Although there is no specific litany required for apprising a *pro se* defendant of the difficulty and dangers of self-representation, the defendant should be apprised in terms sufficient to enable him to make an intelligent decision. This court has stated that when determining whether a defendant should represent himself, the trial court should 1) advise the defendant of the dangers and disadvantages of self-representation, 2) inquire into the defendant's intellectual capacity to make an intelligent decision, and 3) make the defendant aware that, in spite of his efforts, he cannot afterwards claim inadequacy of representation.

*Davis*, 934 S.W.2d at 334 (citations omitted).

■ Immediately before trial, the court explained to defendant that he was not entitled to a continuance in order to retain an attorney:

[COURT]: Anything else you want to put on the record, [defendant], before we proceed with the hearing?

[DEFENDANT]: I am not—I am not waiving representation by an attorney.

[COURT]: I understand that. But I'm finding—

[DEFENDANT]: It's one of my constitutional rights. It's also—It's a Missouri constitutional right, any time—any time that jail time, which Plaintiff has already stated he's looking for, that I have an opportunity to be represented by an attorney.

[COURT]: Okay. Well, we're kind of putting the cart before the horse because I haven't heard anything and I haven't found you guilty or not. But right now, sir, I feel that you did—

[DEFENDANT]: There's some—Pardon me, ma'am.

[COURT]: I did feel that you asked for the trial. It was set at your—

[DEFENDANT]: No, ma'am.

[COURT]: [Defendant], you keep arguing with me, but I'm telling you that I found that you did ask for the trial. I also found that we notified you on January 24th, that the case was set for trial. You cannot come in here on the date the case is set for trial and expect that we're going to continue it without any prior notification from you that you were seeking a continuance.

 \* \* \* \* \* \*

It was up to you, sir, to do something to advise the Court before today, before the day it was set for hearing, that you wanted a continuance and you didn't do that.

[DEFENDANT]: And I came here—I came here, Your Honor, under the impression that I would have an indigency hearing and you denied that.

[COURT]: Correct. Correct. Okay. We'll go ahead and proceed. I'm denying, again, your request for a continuance.

Throughout the trial, defendant continued to assert his right to counsel, but the court handled each protest in a manner similar to that quoted above. The record contains no other discussions about defendant's failure to retain an attorney.

The record in this case falls short of supporting a finding that defendant "knowingly and intelligently" waived his right to counsel. The trial court did not advise defen-

dant of all the facts essential to a broad understanding of the crime for which defendant was charged. Similarly, the court did not admonish defendant on the dangers and consequences of self-representation. Defendant did not sign a "waiver of counsel" as provided in section 600.051, RSMo 1994. Most importantly, however, nothing in the record indicates that defendant was notified before the date of trial that he would be forced to proceed without counsel. The prosecutor's assertion that defendant "impede[d] the orderly process of the administration of justice" by failing to retain counsel is not supported by the record. We hold that in circumstances such as this, it is reversible error for a trial court to proceed with trial.[3]

Defendant's convictions and sentences are reversed and the case is remanded for a new trial.

KAROHL and DOWD, JJ., concur.

3. Defendant also argues that the trial court erred in declaring him non-indigent. No record was made of this inquiry. In light of our holding above, however, we need not address this issue.