**STATE of Missouri, Plaintiff–Respondent,**

v.

**Rick L. KEETH, Defendant–Appellant.**

**No. 27419.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 30, 2006.

Rehearing Denied Sept. 19, 2006.

Application for Transfer Denied
Oct. 31, 2006.

Appellant appears pro se.

Laura Kriebs, Pulaski County Prosecuting Attorney, Waynesville, MO, for Respondent.

GARY W. LYNCH, Judge.

A jury found Appellant Rick L. Keeth ("Defendant") guilty of driving while intoxicated, in violation of Section 577.010,[1] and recommended imposition of a $500.00 fine. In accordance with the jury verdict, the trial court entered a judgment of conviction sentencing Defendant to pay the recommended fine. Defendant appeals this judgment claiming three points of error challenging: (1) the trial court's denial of his pretrial motion to dismiss the charge for insufficient evidence; (2) the trial court's denial of his motion to suppress evidence; and (3) the trial court requiring him to proceed to trial without counsel and without a knowing and voluntary waiver of Defendant's right to counsel as guaranteed by the Sixth and Fourteenth amendments of the United States Constitution. We affirm.

## 1) *Factual Background*

Viewed in the light most favorable to the verdict, the evidence adduced at trial was as follows:

On or about October 18, 2003, Defendant was driving home from a bar called the Crocker Tap when he was involved in a one-vehicle accident that left his vehicle in the ditch. When police officer Jason Vela ("Officer Vela") of the Crocker Police Department arrived at the scene, Defendant was the only occupant in the vehicle and was asleep with his head on the passenger-side seat and his feet on the driver-side seat. The vehicle's motor was not running. Officer Vela made several attempts to awaken Defendant. When Defendant finally woke up, he stumbled out of the vehicle almost falling to the ground; his eyes appeared bloodshot and red, and he had slurred speech. There also was a strong odor of an intoxicating beverage on Defendant.

Highway patrolman Donald Hedrick ("Patrolman Hedrick") arrived at the scene, approached Defendant, and asked him to have a seat in the patrol car, which he agreed to do. While in the patrol car, Defendant began to answer Patrolman Hedrick's questions about the accident. Defendant admitted to driving the vehicle at the time of the accident, which he said happened "a few minutes ago." He stated that he drove into the ditch to avoid a herd of deer in the roadway. Defendant was asked whether he had consumed any alcohol before the accident, and he admitted to drinking two or three beers an hour earlier. When asked if he had consumed any alcohol since the accident, Defendant answered that he had not.

Patrolman Hedrick then asked Defendant if he would take some field sobriety

---

**1.** All references to statutes are to RSMo 2000, and all references to rules are to Missouri Court Rules (2006), unless otherwise indicated.

tests. Defendant agreed to do so. Defendant failed the three sobriety tests that were administered. Patrolman Hedrick then placed Defendant under arrest for operating a motor vehicle while intoxicated.

Defendant, representing himself *pro se*, was tried and convicted by a jury in Pulaski County, Missouri. He was sentenced to pay a $500.00 fine. Defendant appeals this judgment of conviction.

## 2) *Trial Court's Denial of Defendant's Pretrial Motion to Dismiss*

Defendant made an oral pretrial motion to dismiss ("Motion to Dismiss"), which was denied by the trial court. In his first point on appeal, Defendant claims the denial of his Motion to Dismiss was in error because there was no evidence from which to infer that Defendant operated the vehicle in an intoxicated condition. Defendant has continually asserted, in spite of his statements to Patrolman Hedrick to the contrary, that he became intoxicated after the accident occurred and claims the evidence does not support a charge of operating while intoxicated. Therefore, he claims, the trial court erred by not granting the Motion to Dismiss.

■ Defendant has provided this court with no record as to the substance of the Motion to Dismiss or what took place at the pretrial hearing on the motion. The only record Defendant has supplied concerning this point is the handwritten docket entry made by the trial court on February 18, 2004, which consists of: "Def appears. Makes oral motion to dismiss. Motion denied." There is no transcript of the proceeding from which this Court could glean the substance of the Motion to Dismiss or what took place at that hearing.

■ It is an appellant's duty to provide this court with all of the "evidence and proceedings necessary for determination of the questions presented". *State v. Brumm*, 163 S.W.3d 51, 56 (Mo.App.2005) (citing *State v. Sumowski*, 794 S.W.2d 643, 646 (Mo. banc 1990)); Rule 30.04. Failure to provide a sufficient record to permit determination of the issues requires that the point be denied. *State v. Sullivan*, 935 S.W.2d 747, 760 (Mo.App.1996). Failure to file a transcript of a pretrial hearing with this Court "results in a presumption that its contents were favorable to the judgment entered, and not favorable to the movant." *Ludwig v. State*, 771 S.W.2d 373, 374 (Mo.App.1989). Because Defendant presented no record of the substance of his Motion to Dismiss or of the hearing upon the motion, this Court can not assign any error to the denial of the Motion to Dismiss by the trial court.

■ Even assuming *arguendo* that there was a sufficient record of the pretrial hearing on the Motion to Dismiss and we gratuitously accept Defendant's unsupported assertion in his brief that his Motion to Dismiss challenged the sufficiency of the evidence against him, a motion to dismiss for insufficient evidence is not a proper, authorized pretrial motion. *State ex rel. Peach v. Gaertner*, 617 S.W.2d 101 (Mo. App.1981); Rule 24.04(b)(1). *See also U.S. v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973), stating that Federal Rule of Criminal Procedure 12 does not authorize pretrial motions to dismiss on the basis of a sufficiency-of-the-evidence defense (Federal Rule of Criminal Procedure 12(b)(2) is substantially similar to Missouri Rule 24.04(b)(1)). Rule 24.04(b)(1) states that "any defense or objection *which is capable of determination without trial of the general issue* may be raised before trial by motion." (Emphasis added). The only way to determine if sufficient evidence ex-

ists is for the State to present all of its evidence. The trial is the first opportunity afforded the State to present its evidence. Rule 27.02(g) (felonies); Rule 27.03 (misdemeanors). Sufficiency of the State's evidence is not capable of determination without a trial. Therefore, the trial court did not err in denying Defendant's Motion to Dismiss. At the time Defendant made his Motion to Dismiss and the trial court ruled upon it, both pretrial, there was simply no evidence before the trial court upon which a sufficiency determination could be made.

Rule 27.07[2] provides Defendant the appropriate vehicle to challenge the sufficiency of the evidence in the trial court by filing a Motion for Judgment of Acquittal at the close of the State's evidence, at the close of all evidence, and even after the jury is discharged. Defendant in the instant case chose not to avail himself of any of these opportunities.

Furthermore, the Defendant has not chosen to challenge on this appeal the sufficiency of the evidence presented at trial. His only allegation of error to this court is the sufficiency of the evidence in the context of the denial of his Motion to Dismiss.

■ However, this court may, in its discretion, address whether plain error exists regarding the sufficiency of the evidence to support the conviction. *State v. Lubbers,* 81 S.W.3d 156, 160 (Mo.App. 2002). The authority given to consider plain error is derived from Rule 30.20 which provides: "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." This plain error rule is to be used sparingly. *State v. Roberts,* 948 S.W.2d 577, 592 (Mo. banc.1997); *State v. Goodine,* 196 S.W.3d 607, 617–18 (Mo.App.2006). To meet the plain error standard, the appellant must demonstrate that a manifest injustice or a miscarriage of justice will occur if the error is not corrected. *Roberts,* 948 S.W.2d at 592. There is a two-step test a reviewing court employs to determine if there has been a plain error. *Goodine,* 196 S.W.3d at 617–18. First, the reviewing court must "determine whether the asserted claim of plain error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred." *Id.* (citing *State v. Campbell,*

---

**2.** Rule 27.07 provides, in relevant part:

**27.07. Misdemeanors or Felonies—Motion for Judgment of Acquittal**

**(a) Motion Before Submission to Jury.** Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the state is not granted, the defendant may offer evidence without having reserved the right. ❖ ❖ ❖

**(c) Motion After Discharge of Jury.** If the jury returns a verdict of guilty or is dis-

charged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fifteen days after the return of the verdict or the jury is discharged. On application of the defendant made within fifteen days after the return of the verdict or the discharge of the jury and for good cause shown the court may extend the time for filing or renewing the motion for judgment of acquittal for an additional period not to exceed ten days. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

122 S.W.3d 736, 740 (Mo.App.2004)). To be facially established, such error needs to be "evident, obvious, and clear." *State v. Jackson,* 186 S.W.3d 873, 883 (Mo.App. 2006). If an appellant cannot get past this first step, the reviewing court should not hear the claim. *Goodine,* 196 S.W.3d at 617–18 (citing *Campbell,* 122 S.W.3d at 740). If the reviewing court determines that the first step is satisfied, it will next look at the actual claim to determine "whether a manifest injustice or miscarriage of justice actually occurred." *Id.* The burden of proving such manifest injustice or miscarriage of justice is on the appellant. *State v. Baxter,* 2006 WL 176980, *1 (Mo.App.2006).

In reviewing a lack of sufficiency of the evidence claim:

> [W]e must view the evidence in the light most favorable to the verdict. *State v. Williams,* 847 S.W.2d 111, 113 (Mo.App. 1992). We must give the state the benefit of all reasonable inferences. *State v. Hoyt,* 922 S.W.2d 443, 447 (Mo.App. 1996). We must also discard all contrary inferences that can be drawn from the evidence, unless "they are such a . . . logical extension of the evidence that a reasonable juror would be unable to disregard them." *State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc 1993). If the evidence, viewed in that light, would support a reasonable juror in finding each element of the offence beyond a reasonable doubt, we must affirm the verdict. *Id.*

*State v. Knifong,* 53 S.W.3d 188, 193 (Mo. App.2001).

■ The fact that the State did not have direct evidence showing that Defendant was operating the vehicle in an intoxicated condition does not mean that the State could not sufficiently prove circumstantially that he was operating the vehicle while intoxicated. *State v. Delaney,* 675 S.W.2d 105, 106 (Mo.App.1984). To sufficiently prove by circumstantial evidence that Defendant was operating the vehicle while intoxicated, the State must show circumstances that are inconsistent with Defendant's innocence, but they need not be absolutely conclusive of guilt. *Id.*

■ Viewed in light of the above principles, Defendant was the sole occupant of a vehicle very recently involved in an accident. His location within the vehicle was in close proximity to that of a driver of the vehicle. The vehicle containing Defendant was found in a ditch adjacent to a roadway, near a curve in the road, and with corresponding skid marks and ruts in the road consistent with a one-vehicle accident. No one else was around the accident scene. Defendant smelled of an intoxicating beverage, had red eyes, his speech was slurred, and he was unsteady in his gait. Upon routine questioning by a law enforcement officer investigating the accident, Defendant admitted to drinking two or three beers an hour or so before the accident. Defendant admitted he owned the vehicle and that he was driving the vehicle when the accident occurred, which Defendant informed Patrolman Hedrick happened just "a few minutes ago." Defendant denied having anything to drink after the accident. Defendant failed three field sobriety tests administered by Patrolman Hedrick. Defendant refused to take a breath test to determine his blood alcohol content. This is sufficient evidence for a jury to find that Defendant operated a motor vehicle in an intoxicated condition. *See* Section 577.010; *State v. Girdley,* 957 S.W.2d 520, 523 (Mo. App.1997); *Knifong,* 53 S.W.3d at 193.

The above facts fall short of supporting the first prong for plain error review—facially establishing substantial grounds for believing a manifest injustice or miscarriage of justice has occurred. Therefore, we deny plain error review.

In light of the above, this Court finds no error in the denial of the Motion to Dismiss. First, the Defendant failed to provide a sufficient record from which this Court could make a proper determination of the issue. Second, a motion to dismiss for insufficient evidence is not an authorized pretrial motion under Rule 24.04(b)(1). Finally, even if this Court considers plain error review to determine if there was sufficient evidence, it finds sufficient evidence to support the conviction, and therefore, the Defendant's conviction is not plain error. Defendant's first point on appeal is denied.

### 3) *Trial Court's Denial of Defendant's Motion to Suppress*

Defendant filed a pretrial motion to suppress the statements he made to Patrolman Hedrick and the results of his field sobriety tests, claiming that they were the result of a *Miranda*[3] violation. Following an evidentiary hearing, the trial court denied this motion. Defendant raised no objection to the admission of any of this evidence during the trial. On appeal, Defendant claims the trial court erred in denying his motion to suppress.

 We begin by noting that "[g]enerally, a trial court's ruling on a pretrial motion to suppress cannot be asserted as a claim of error on appeal because the pretrial motion to suppress and the admission of the challenged evidence at trial are two separate procedures." *State v. Franklin*, 144 S.W.3d 355, 358 (Mo.App.2004). Absent an objection at trial to the evidence challenged in the motion

the issues are not preserved for appellate review. *Id.* Since the issue is not preserved for review, an appellate court can review only the admission of the evidence at trial for plain error. *Id.* After reviewing the admission of the statements made and the field sobriety test results in this case for plain error, this Court finds none.

 The central principle of the *Miranda* decision established that when the police take a suspect into custody and then ask him questions without first informing him of his rights, his responses are inadmissible against him. *Berkemer v. McCarty*, 468 U.S. 420, 429, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The *Miranda* warnings need to be given before custodial interrogations of suspects in minor offenses, including misdemeanor traffic offenses, as well as for felonies. *Berkemer*, 468 U.S. at 429, 104 S.Ct. 3138. However, the *Miranda* warnings do not need to be given during routine roadside questioning of a motorist pursuant to a routine traffic stop. *Id.* at 439–440, 86 S.Ct. 1602. This is because routine traffic stops are more analogous to a "Terry stop"[4] than a formal arrest. *Id.* at 439, 86 S.Ct. 1602.

 During such routine roadside questioning, a policeman who lacks probable cause but reasonably suspects that a particular person has committed, is committing, or is about to commit a crime may detain that person briefly to investigate the circumstance creating such suspicion. *Id.* This typically entails the officer asking

---

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Missouri courts have applied the ruling in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which "permits police officers to briefly stop an individual if the officer 'observes unusual conduct which leads

him to conclude in light of his experience that criminal activity may be afoot....' " *State v. Goff*, 129 S.W.3d 857, 862 (Mo. banc 2004) (quoting *U.S. v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)). This ruling applies to automobiles, as well as individuals. *Goff*, 129 S.W.3d at 862.

the person a moderate amount of questions "to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." *Id.* Unless the detainee's responses create probable cause, the officer must release him. *Id.* at 439–440, 86 S.Ct. 1602.

 In this case, the officers had reasonable suspicion that Defendant operated his vehicle while intoxicated. Defendant was alone at the scene of a vehicle accident. He smelled of an intoxicating beverage, had red eyes, his speech was slurred, and he stumbled as he got out of his vehicle. They were, therefore, allowed to ask Defendant questions to obtain information in order to confirm or dispel this suspicion. The questions asked were minimal and did nothing more than confirm the officers' suspicions. Defendant admitted to owning the vehicle in the accident, to driving the vehicle at the time of the accident, which had occurred just a few minutes before, and to having two to three beers about an hour before the accident. Defendant denied having anything to drink after the accident. Finally, in order to more accurately confirm or dispel the suspicion that Defendant was intoxicated at the time he operated the vehicle, the officer asked Defendant if he would be willing to take some field sobriety tests. He agreed to take them and failed all three. At this point, there was sufficient evidence to create probable cause, and the officer arrested Defendant by taking him into custody and read him his *Miranda* warnings.

Nothing in this record indicates plain error in the trial court's admission of this evidence at trial. Defendant's second point on appeal is denied.

### 4) *Right to Counsel*

 The Sixth and Fourteenth Amendments to the United States Constitution guarantee the right to assistance of counsel before any sentence of imprisonment can be imposed. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The assistance of counsel is often times a requisite for the existence of a fair trial. *Id.* at 31, 92 S.Ct. 2006. This right is so important that the United States Supreme Court has ruled that the due process clause of the Fourteenth Amendment requires appointment of an attorney for an indigent defendant. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

In *Argersinger,* the United States Supreme Court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger,* 407 U.S. at 37, 92 S.Ct. 2006. "Every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel." *Id.* at 40, 92 S.Ct. 2006.

In *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the United States Supreme Court was faced with the question of whether the constitutional right to assistance of counsel was required when imprisonment is an authorized penalty, but not imposed. *Scott* involved a defendant who was convicted of shoplifting and fined $50.00. The applicable Illinois statute set the maximum penalty at a $500.00 fine or one year in prison. Defendant argued that because prison was an authorized penalty he was guaranteed the right to assistance of counsel. The Supreme Court disagreed, holding that the right to counsel is only required if the defendant is actually sentenced to a term of imprisonment. *Id.* at 374, 99 S.Ct. 1158.

Then, in 1980, the United States Supreme Court revisited this issue in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), and appeared to reach a decision that was contrary to *Scott*. However, *Baldasar* greatly muddled the state of the law because of the fractured nature of the decision.[5] Courts were split over whether *Baldasar* (lacking a majority opinion) overruled *Scott*.[6] The Supreme Court put the issue to rest in *Nichols v. United States*, 511 U.S. 738, 748–49, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), by explicitly overruling *Baldasar* and adhering to its decision in *Scott*. *Nichols* held "that an uncounselled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Id.* at 749, 114 S.Ct. 1921.

*Nichols* also stated that the states are free to decide, based on their own constitutions or public policy, that the right to counsel should exist for all defendants when imprisonment is authorized by statute, rather than actually imposed. *Id.* at 749, 114 S.Ct. 1921 n.12.

■ In this case, Defendant was convicted of driving while intoxicated and was sentenced to pay a $500.00 fine. Driving while intoxicated is, for the first offense, a class B misdemeanor with a range of punishment up to a maximum of six months imprisonment and a $500.00 fine. Sections 577.010, 558.011. Defendant asserts that Missouri imposes the right to counsel in any proceeding when imprisonment is authorized by statute rather than only in a

proceeding when incarceration is actually imposed, as required by the United States Constitution through *Argersinger* and *Scott*. He makes two arguments to support that claim. First, the case law in Missouri has recognized such right; and second, Missouri has, by statute through the enactment of Section 600.051, created this right by requiring a written waiver. Both of these arguments are flawed.

Missouri case law does not support Defendant's argument because the Missouri Supreme Court has held, consistent with *Scott*, that the right to counsel only exists when a defendant is sentenced to a term of imprisonment. *Trimble v. State*, 593 S.W.2d 542 (Mo. banc 1980). In *Trimble*, the defendant pleaded guilty to a misdemeanor charge of driving while intoxicated. He was not represented by counsel and was sentenced to pay a fine of $100.00 and received no jail time. The Missouri Supreme Court held that, because he was only assessed with a fine and received no prison sentence, the conviction was valid under *Argersinger* and *Scott*. *Trimble*, 593 S.W.2d at 545. In a more recent case, *State v. Pike*, 162 S.W.3d 464, 471–72 (Mo. banc 2005), the Missouri Supreme Court recognized the continued vitality of *Scott* under *Nichols*. In describing the *Nichols* case the Court stated, "Under *Scott*, Nichols' municipal DWI conviction was constitutional, because Nichols was not sentenced to prison." *Id.* This demonstrates that the Court recognizes that *Nichols* overruled *Baldasar* and that the current state of the law in Missouri is that as decided in *Scott*. In this way, the Court

---

**5.** As Justice Souter noted in his concurring opinion in *Nichols v. U.S.*, 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994): "*Baldasar* is an unusual case, not because no single opinion enlisted a majority, but because no common ground united any five Justices."

**6.** For a discussion of this procedural history, *see Paletta v. City of Topeka*, 20 Kan.App.2d 859, 865–66, 893 P.2d 280, 284–85 (1995).

reaffirmed *sub silentio* its decision in *Trimble.*

While there is case law from the Eastern District of our Court suggesting that the right to counsel exists whenever imprisonment is authorized, this is not a correct description of the law as it currently exists. *See State v. West,* 949 S.W.2d 914, 915 (Mo.App.1997). *West,* decided after *Nichols,* stated that "[e]ven in cases in which only a fine is imposed, a defendant's right to counsel shall attach if the charged crime carries the potential for imprisonment." *West,* 949 S.W.2d at 915. It is important to note that this language is *dicta* because in *West,* the defendant was sentenced to six months' imprisonment. In support of this statement of the law, the *West* court cites *State v. Stark,* 706 S.W.2d 899 (Mo.App.1986). The language addressing this point in *Stark* is also *dicta* because in *Stark* the defendant was sentenced to twenty eight days in jail. *Stark* stated that "[i]n criminal cases where jail sentences may be imposed, a right to counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution." *Id.* at 900. There are two significant aspects to this contention in *Stark.* First, it is made relying on *Argersinger.* Second, it was made in 1986, a time during which *Scott* had arguably been overruled by *Baldasar* (in 1980), but before *Nichols* (in 1994), which returned the law to that of *Scott.* Because *Stark* is clearly relying on the United States Constitutional guarantees as interpreted by the United States Supreme Court in making this statement, it is no longer the law. As was recognized in *Nichols,* "an uncounseled misdemeanor conviction, [is] valid under *Scott* because no prison term [is] imposed." *Nichols,* 511 U.S. at 749, 114 S.Ct. 1921. For these reasons, the *dicta* in *West* and *Stark* does not state the current status of the law in Missouri on this issue.

Defendant further argues that Missouri, through statute, has extended the right to counsel to defendants charged with crimes for which imprisonment is an authorized penalty. He bases this contention on Section 600.051.1, which states that any judge

> may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and the waiver is signed before and witnessed by the judge.

Defendant claims such written waiver was necessary in his case because he could have received a jail sentence. Sections 577.010, 558.011. This argument fails because Section 600.051.1 was not intended to expand a defendant's right to counsel, but rather to provide a procedure to objectively assure that the defendant's waiver of his constitutional right to counsel is knowingly and voluntarily made. *May v. State,* 718 S.W.2d 495, 497 (Mo. banc 1986).

A parallel right to the right to counsel exists, and that is the right of the defendant to waive counsel and proceed *pro se. Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This right will allow a criminal defendant to conduct his own defense, even to his own detriment, if that is what he so chooses. *Id.* at 834, 95 S.Ct. 2525. Because the right to counsel is so paramount to a fair trial, any waiver of this right must be made "knowingly and intelligently." *Id.* at 835, 95 S.Ct. 2525. Approximately one year after *Faretta* was decided, the Missouri General Assembly created a procedure through which this waiver of counsel could be effectuated (*Faretta* was decided on June 30, 1975, and Section 600.051 became effective on August 13, 1976). Such

written waiver is a necessary part of the procedure to be followed in a criminal case to effectively waive a defendant's right to counsel. *Peterson v. State,* 572 S.W.2d 475, 477 (Mo. banc 1978).

The fact that Section 600.051 is not an expansion of the right to counsel to defendants charged with a crime punishable by imprisonment is a matter of common sense. That is because, as discussed, Section 600.051 is a provision through which a defendant may waive his right to counsel. If a defendant is not sentenced to imprisonment, he never possessed the right to counsel (see *Scott* analysis above) and, therefore, never has anything to waive. A provision requiring a defendant to waive something that he does not possess is against any logical reading of the statute.

Also, the language of the statute can logically be read in conjunction with the language of *Argersinger* and *Scott* (adopted by the Missouri Supreme Court as the law of Missouri in *Trimble* and *Pike,* as discussed above). It can be read to instruct a judge that when a trial begins, no imprisonment may be imposed unless the accused is represented by counsel or knowingly and intelligently waives his right to counsel in compliance with the procedural requirements of Section 600.051.

In this case, Defendant did not receive a sentence of imprisonment. He received only a $500.00 fine. For this reason, he never had a right to the assistance of counsel. Because he never possessed the right to assistance of counsel, he never possessed anything that needed to be waived, and the absence of a written waiver under Section 600.051 is not an error because Defendant cannot waive something he never had.

Finally, Defendant argues the trial court erred in not admonishing him about the perils of self representation. That argument fails for the same reasons set forth above. A trial court does not have an obligation to admonish a defendant about a decision to waive a right he does not possess. Unless and until the trial court sought to impose a sentence of incarceration, Defendant did not have a right to counsel, constitutional or otherwise, and, therefore, did not need to be admonished about a decision to waive a nonexistent right. Defendant's third point on appeal is denied.

**5) Decision**

The judgment of the trial court is affirmed.

GARRISON, J., and BARNEY, J., concur.