STATE of Missouri, Respondent,

v.

Arthur A. MARTIN, Appellant.

No. 52267.

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Peter J. Grewach, Sp. Asst. Atty. Gen., Troy, for respondent.

William E. Gladden, Houston, for appellant.

STOCKARD, Commissioner.

Defendant was found guilty by a jury of the offenses of burglary and stealing and was sentenced to a term of two years for each offense. He has appealed from the ensuing judgment.

A complaint was filed against defendant on August 2, 1965, and his preliminary hearing was held on August 24 at which he was represented by employed counsel of his own selection. The information was filed in the Circuit Court of Texas County on October 8, 1965. The record does not show any continuances having been requested or granted. The case was set for trial on February 23, 1966, and at 9:30 o'clock in the morning of that day counsel for defendant stated to the court that he wished to withdraw as attorney for defendant because, although he represented defendant at the preliminary hearing and had been paid for that service, the defendant had not paid him a fee for representing him in the circuit court. He also stated that he had "tried to get the defendant in" so he could talk to him, and had asked him to "come in the latter part of last week, Monday, and I never saw the defendant until this morning." The trial court then addressed the defendant and the following occurred:

"The Court: He said he is withdrawing as your attorney. Do you understand that?

"The Defendant: Yes.

"The Court: You'll have to go to trial. You've had a long time and you've had Mr. Lay in your—as your attorney and he says you wouldn't cooperate with him and didn't pay him.

"The Defendant: Well, I didn't have the money to pay.

"The Court: Well, you didn't come in to see him about it, did you?

"The Defendant: I called him yesterday evening.

"The Court: He says he's been trying to get you to come in for a good, long while to go over this thing and make some arrangement about it and you never did show up.

"The Defendant: Well, I talked to him about two or three weeks ago.

"The Court: Well, you'll have to go to trial. You've got some witnesses subpoenaed here.

"The Defendant: Well, Okay.

"The Court: * * * I guess we better call the jury in, Mr. Sheriff."

The court then asked defendant if he understood the charge against him, and he replied that he did. At the trial the State offered the testimony of eight witnesses, five of whom were recalled, and the defendant offered the testimony of one witness and he testified himself. We note that not one objection to testimony was made, and the transcript reveals that defendant was extremely inept in cross-examining the State's witnesses and in questioning his witness on direct.

Letters in the file of this Court indicate that defendant made arrangements with the attorney, who now represents him on this appeal by appointment, to file

a motion for new trial. After that motion was overruled a notice of appeal was filed, and defendant's motion to be permitted to appeal as a poor person was sustained. It appears from the transcript that defendant is a timber cutter by trade, who received a fifth grade education, and who is fifty years of age.

The first assignment of error in the motion for new trial, and the first point in defendant's brief to this court challenges the validity of the trial on the ground that he was tried for a felony without the assistance of counsel.

It is obvious that employed counsel had intended to go to trial on the day the case was set if he had been paid his fee. He had had subpoenas issued for two witnesses and one of them was in the courtroom. No request for a continuance had been or was made. We note here the following provisions of Supreme Court Rule 4.44, V.A.M.R.: "The right of an attorney or counsel to withdraw from employment, once assumed, arises only from good cause. Even the desire or consent of the client is not always sufficient. The lawyer should not throw up the unfinished task to detriment of his client, except for reasons of honor or self-respect. If the client insists upon an unjust or immoral course in the conduct of his case, or if he persists over the attorney's remonstrance in presenting frivolous defenses, or if he deliberately disregards an agreement or obligation as to fees or expenses, the lawyer may be warranted in withdrawing on due notice to the client, allowing him time to employ another lawyer. * * *" Within the above limitations counsel was entitled to request permission to withdraw for the failure of defendant to pay the agreed fee for services. However, there is nothing in the record of this case to indicate that defendant had any notice whatever, earlier than 9:30 o'clock of the morning the case was set for trial, that his attorney intended to ask permission to withdraw. The reason given by defendant for not paying the fee of his employed counsel was that he did not have the money. While there was no investigation at that time of his ability to pay a fee, on May 13, 1966, the trial court authorized him to appeal as a poor person. The transcript discloses that defendant's trial was started immediately upon withdrawal of the previously employed counsel, and that defendant was not represented by counsel.

Defendant was not afforded a reasonable time to attempt to employ other counsel. The record does not show that he was advised that if he was unable to employ counsel the court would upon request appoint counsel to represent him. "Our courts have universally held that a defendant charged with a serious crime has the right to the assistance of counsel and that, if he is unable to employ one, the court should appoint counsel; * * *." State v. Moreland, Mo., 396 S.W.2d 589, 594. The federal courts have enforced the right of a defendant charged with a serious crime to the assistance of counsel as a fundamental right guaranteed by the due process clause. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed. 2d 167; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. The State argues on this appeal that defendant waived his right to counsel, by not requesting time to secure or to have counsel appointed. We agree that the right to counsel may be waived, if the waiver is voluntarily and understandingly made. State v. McDonald, Mo., 343 S.W.2d 68, 71; State v. Glenn, Mo., 317 S.W.2d 403. However, in this case it appears that defendant had only a fifth grade education, and his employment was that of a timber cutter. He was not charged as a second offender and there is nothing to indicate that he had ever been involved in a court proceeding before. His performance clearly established his incompetence to represent

himself. The record does not justify a finding that the defendant voluntarily and intelligently waived counsel.

We conclude that by compelling defendant to go to trial without counsel immediately upon the withdrawal without notice of his employed counsel, under the circumstances revealed by the record, resulted in a denial of due process of law.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.