STATE of Missouri, Plaintiff–Respondent

v.

Harold D. BETHEL, Defendant–Appellant.

No. 19670.

Missouri Court of Appeals, Southern District, Division Two.

March 22, 1995.

Scott T. McBride, Asst. Public Defender, Rolla, for appellant.

No appearance for respondent.

PARRISH, Judge.

Harold D. Bethel (defendant) was convicted of driving while intoxicated, § 577.010 [1], following a jury trial at which he appeared *pro se.* He was charged as and found to be a prior offender. *See* § 577.023.2, RSMo Supp. 1993. Defendant was sentenced to confinement in the county jail for a term of 30 days. He appeals contending the trial court erred in allowing him to proceed to trial without counsel. This court reverses defendant's conviction and sentence and remands the case for a new trial.

Defendant was arraigned on the charge of driving while intoxicated January 11, 1994.

He appeared without counsel and pleaded not guilty. The date of the alleged offense was December 14, 1993. The transcript filed with this court as part of the record on appeal does not include the proceedings at arraignment; however, a docket entry states, "CASE SET FOR APPEARANCE OF ATTORNEY AT 9:00 A.M. ON _____. 8:30 am [sic] on 1–25–94."

Docket entries show three other appearances by defendant before his May 13, 1994, trial. He appeared January 25, 1994. A docket entry notes his appearance and states, "Defendant advises the Ct. that he will represent himself at trial." A docket entry dated January 26, 1994 states defendant's case was set for court trial March 23, 1994; however, later entries show the trial date continued to April 27, 1994.

A docket entry dated April 27, 1994, states, "Def. fails to appear for trial as ordered by the court warrant issued, bond $2,000." A later entry on the same date states, "Defendant being produced by the Sheriff's office on the warrant issued earlier this date, trial is now set for 5–4–94 at 9:00 a.m. Def. remanded to jail for failure to post bond."

A docket entry dated May 4, 1994, notes that defendant appeared and requested a jury trial. It shows the case set for trial May 13, 1994.

Defendant appeared the morning of trial without counsel. The trial judge called the case. The state announced ready. The trial judge asked defendant, "All right. And, Mr. Bethel, you are not an attorney; is that correct." He answered, "No, ma'am." The trial judge confirmed that defendant desired a jury trial. The trial judge then asked the following questions and defendant gave the following answers:

THE COURT: All right. And do you understand, sir, that you are without counsel today and that you have been given several different times to have counsel. And it's my understanding that you are not—you are wishing to proceed without counsel today; is that correct?

1. References to statutes are to RSMo 1986 unless otherwise stated.

MR. BETHEL: On my motion for a continuance I filed this week—Well, have you ruled on that, Your Honor?

THE COURT: No, sir. My question to you, sir, was, did you understand that you are proceeding without counsel today?

MR. BETHEL: Yes, ma'am. I under— I understand that.

THE COURT: All right.

MR. BETHEL: It's not in my wishes.

The trial judge then reviewed the status of the case. She noted the date the case was filed and the date defendant was arraigned. She recited the January 25 docket entry stating that defendant advised the court he would represent himself at trial; that the case had been continued to March 23, then to April 27. She stated that defendant had not appeared at the time ordered on April 27, and that when he was produced later that day, a new trial date of May 4 was set; that on May 4 defendant appeared and requested jury trial.

The trial judge noted that defendant had thereafter appeared for a pretrial conference and identified an attorney who he had tried unsuccessfully to hire. The trial judge observed that she told defendant previously that if he could not afford to hire an attorney he could make application to the public defender's office. She then asked, "Have you at any time, since you feel that you are unable to hire counsel, made application to the Public Defender's office?" Defendant answered, "No ma'am. I have not made application to the Public Defender's office."

The trial judge continued, "Then, sir, my position at this time is basically that you have had almost a full five months to either hire counsel or to make application to Public Defender." She continued, telling defendant he was "certainly entitled to an attorney"; that there were 47 prospective jurors present; that she was under "some constraint, . . ., as a result of certain Supreme Court rules that say we are to move our cases along."

The trial judge acknowledged that defendant had suffered an injury during the time his case had been pending, concluding, "You could have made application to Public Defender. You chose not to do that, sir. So I

think that's your own determination." She told defendant she was going to overrule his motion for a continuance.

After discussing other preliminary matters and denying a request by defendant for a change of judge, defendant was arraigned on an amended information that charged him as a prior offender. Defendant pleaded not guilty. The trial judge then heard evidence on the allegation that defendant had previously been convicted of an alcohol-related offense and found that the offense charged was "a DWI second for purposes of enhanced punishment and to take punishment away from the jury. . . ."

The trial judge advised defendant that he had before him "a waiver of counsel." She asked, "Do you wish to sign that or not?" Defendant replied, "No, ma'am." The case proceeded to trial.

Defendant presents one point on appeal. He contends the trial court committed plain error by finding that he waived his right to be represented by counsel because his actions did not meet requirements of § 600.051 and did not amount to a knowing and intelligent waiver. The Prosecuting Attorney of Phelps County has filed no brief in response to defendant's claim.

The waiver of counsel form that was presented to defendant and which defendant declined to sign is part of the legal file in this case. Nothing in the record on appeal demonstrates that any advice or explanation was given defendant with respect to his right to counsel other than the presentation of the written form.

 The information on the form is brief. Arguably, it does not conform to requirements of § 600.051. Regardless, before a court may permit a defendant who faces a possible jail sentence to waive counsel, the court must determine that the waiver is knowingly and intelligently made. *See* § 600.051.1. *See also State v. Wilson,* 816 S.W.2d 301, 305 (Mo.App.1991). The record before this court does not demonstrate a knowledgeable and intelligent waiver by defendant.

Section 600.051 applies only to express waivers of counsel. *State v. Yardley,* 637 S.W.2d 293, 295 (Mo.App.1982). Here, as in *Yardley,* defendant did not expressly waive counsel nor did he seek representation by a public defender.[2] Neither did he employ private counsel.

A defendant in a criminal case who is faced with the possibility of incarceration and who declines counsel, appointed or otherwise, should be admonished of the perils of self-representation. *Id.* at 296. He should be given such advice as is necessary to establish he is acting knowingly and intelligently. *See Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

As explained in *State v. Wilson, supra,* at 306:

> Because of the strong presumption against waiver of the constitutional right to counsel, the judge, in discharging his duty, must investigate "as long and as thoroughly as the circumstances of the case before him demand." *Von Moltke,* 332 U.S. at 723–24, 68 S.Ct. at 323, 92 L.Ed. at 321; *[State v.] Gilmore,* 697 S.W.2d [172] at 174 [Mo. banc 1985]; *[State v.] Edwards,* 592 S.W.2d 308 [Mo.App.1979].

> . . . . .

> Although the "knowing and intelligent" waiver standard usually is applied in the context of a voluntary and expressed relinquishment of the right to counsel, it is clear that the same criteria should be applied where, as here, the accused fails to retain an attorney in a timely manner. "A court is under no less obligation to ensure that waiver is knowing and intelligent when voluntariness is deduced from conduct than when it is asserted expressly." *U.S. v. Allen,* 895 F.2d 1577, 1579 (10th Cir.1990); *See also Yardley,* 637 S.W.2d at 296. [Footnote omitted.]

There is no specific litany required to assure a defendant is apprised of the difficulties of self-representation so that he may intelligently decide whether to seek representation.[3] *Id.* at 307. It is essential, however, for a defendant to be advised of the difficulties of proceeding *pro se* while he still has a choice in the matter. *Id.* He was not so advised in this case.

Defendant's claim that the record does not reveal a knowing and intelligent waiver of counsel is well taken. The trial court failed to thoroughly investigate and determine that defendant understood the perils of self-representation. It committed plain error in permitting defendant to proceed to trial without ascertaining that he knowingly and intelligently waived his right to be represented by counsel. Defendant's conviction and sentence are reversed and the case remanded for a new trial.

GARRISON, P.J., concurs in separate opinion filed PREWITT, J., concurs.

GARRISON, Presiding Judge, concurring.

I concur with the result reached in the principal opinion. As noted in *State v. Wilson,* 816 S.W.2d 301, 305 (Mo.App.S.D.1991), it is not enough to find, as the evidence would support in the instant case, an implied waiver of an accused's right to counsel by reason of his conduct. The record must, in addition, demonstrate that the waiver was "knowing and intelligent," an ingredient which I believe the principal opinion correctly finds is missing in the instant case.

It is unfortunate that a trial court, faced with continued inaction by an accused concerning the procurement of counsel, the exigency created by a waiting jury, and the need to proceed with the court's business, is faced with the necessity of perhaps incurring

---

2. The record does not reveal that the trial court determined whether defendant was indigent prior to trial. There is no information regarding defendant's financial ability to hire an attorney. However, after trial an order was entered permitting defendant to appeal as an indigent person.

3. The court in *State v. Quinn,* 565 S.W.2d 665 (Mo.App.1978), attached an appendix identifying

three categories for discussion with a defendant who is not represented by counsel. *See* 565 S.W.2d at 676–77. Also, see the various colloquies between the trial judge and defendant in *State v. Bilyeu,* 867 S.W.2d 646 (Mo.App.1993), which this court found were sufficient to apprise a defendant of the difficulties and dangers of self-representation.

further delays in order to provide more protection for the accused than he seems to exercise in his own behalf. Such a situation lends itself to strategic ploys to subvert the judicial process. In this regard, I reiterate the language from *Wilson:*

> We emphasize that an accused should never be permitted to play a " 'cat and mouse' game with the court . . . or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." [Citation omitted.] Conscious attempts by a defendant to manipulate or intentionally delay the proceedings by refusing to hire private counsel should not be tolerated because such tactics imply "a greater understanding of the proceedings and an understanding of the risks and complexities of a criminal trial." [Citation omitted.]

*Id.* at 308.

Charles C. Schwartz, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANE, P.J., and CRANDALL and DOWD, JJ.