**STATE of Missouri, Respondent,**

v.

**Robert Wayne DAVIS, Appellant.**

**Robert Wayne DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67345, 69214.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 19, 1996.

Lew A. Kollias, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Judge.

Robert Wayne Davis (defendant) appeals after he was convicted of three counts of sodomy under § 566.060 RSMo 1994, in the Circuit Court of Cape Girardeau County. Defendant was sentenced to three concurrent life terms.

Defendant claims the trial court erred in compelling him to appear at trial without an attorney because he did not knowingly and intelligently waive counsel.[1] We find that the trial court did not adequately explain the perils of self-representation to defendant and reverse his convictions and sentences. The case is remanded for a new trial.

Defendant pled not guilty to the amended information of three counts of sodomy. He was originally represented by an attorney from the public defender's office. Shortly after he posted bail, the public defender withdrew from representation.

Defendant was later represented by private counsel who subsequently filed a motion for leave to withdraw due to "irreconcilable differences." A hearing on the motion was held on June 17, 1994, at which time defendant indicated he was not employed. After informing defendant that it was granting his attorney's motion to withdraw, the trial court suggested that defendant fill out an application for representation by a public defender. The matter was continued until August 8, 1994. The court informed defendant that he needed to have an attorney by that date.

On August 8, 1994, defendant appeared in court without an attorney. Defendant explained that he was trying to hire one, but the least expensive attorney wanted a retainer of $3,500. He stated he did not have the money to hire his own attorney. He told the court that he was taking care of his sick mother and was working a part-time job on his neighbor's farm in order to hire an attorney.

The court next explained to defendant that he was going to set the case for trial. After a brief recess, the court informed defendant as follows:

> THE COURT: Mister Davis, we're going to set this case for trial. Certainly if you don't have an attorney at that time and want to do it yourself, that's fine.
>
> DEFENDANT: Yes, sir.

---

1. Defendant also appeals the denial of his Rule 29.15 motion without a hearing. Defendant, however, failed to raise any points on appeal relating to the denial of his Rule 29.15 motion. In his brief, Defendant acknowledges that neither of his points on appeal address his Rule 29.15 motion. Where a defendant appeals the denial of a Rule 29.15 motion, but fails to raise any points related to the denial of that motion in his brief on appeal, the point is considered abandoned. *State v. Link,* 916 S.W.2d 385, 386 (Mo. App.1996).

THE COURT: Even if you do have an attorney, you need to make note of this day. We're going to set it for trial October 25, 1994. The trial is going to start at 9:00 o'clock that morning, and you will need to be here at 8:30, and if you have an attorney—get an attorney, you need to tell them that that's the day it's set for trial and they need to be ready to go to trial that day. We're going to set a pretrial conference to take up any evidentiary matters that we need to take up on October the 11th, 1994. That's the Tuesday after Columbus Day.

DEFENDANT: What's that mean? Do I have to be here for that day as well?

THE COURT: You need to be here for that day too, and you'll get a notice from the clerk like you did for today as to what time to be here on October 11th for the pretrial conference.

DEFENDANT: Okay.

THE COURT: Other than that, we'll set the case for trial on October the 25th.

After noticing a conflict in its schedule, the court set October 6, 1994, as the date to consider pretrial motions and to have a pretrial conference.

On October 6, 1994, defendant once again appeared in court without counsel. Before addressing the pretrial motions, the court discussed defendant's *pro se* status. The court asked defendant whether he had filed an application for services from the public defender. Defendant explained that the public defender declined to represent him because his girlfriend's family had posted his bond and he was not eligible for the public defender's services. The court inquired whether defendant was working anywhere. Defendant stated that he was working on a farm, earning approximately $300–$400 a week. He added that he had only been working about a month. Defendant informed the court that he was living with his mother and that she paid the monthly rent. The court asked how the defendant spent his money. Defendant responded that he paid for groceries and spent $156.00 a month for his mother's medication.

The court further asked whether defendant had spoken with any attorneys about representing him in the case. Defendant told the court that he had talked with an attorney who wanted $3,000.00 to represent him. He stated that he did not have the money to pay the attorney, but he was attempting to arrange a loan from his employer to hire the attorney.

The court took a brief recess to discuss defendant's *pro se* status with the prosecuting attorney and the public defender's office. After the brief recess, the court, after considering defendant's income, found that he was not indigent and, therefore not entitled to representation by the public defender's office. The court then informed defendant that the matter would be set for trial on October 25, 1994.

After the pretrial hearing, the court once again reminded defendant that trial was October 25, 1994. The court asked defendant whether he planned to call any witnesses at trial himself, and if he did, told him that he needed to provide notice to the prosecuting attorney prior to the 25th.

On the date of the trial, defendant appeared without counsel. The court checked with defendant to see what had developed with respect to defendant hiring an attorney. Defendant said it did not look likely he would have the money to hire an attorney. The court said that "we're going to have to go ahead and proceed today as I indicated for quite some time." The court told defendant that every effort would be made to ensure that he understood what was happening at every stage of the trial and to give him an opportunity to participate in the trial just as if he had an attorney. The court explained that the prosecuting attorney would go first so that defendant would have a feel for how things worked.

Defendant proceeded to trial *pro se*. His self-representation was clearly inadequate. The jury found defendant guilty of the three counts of sodomy and he was sentenced to life imprisonment on each count, to run concurrently. This appeal follows.

Defendant preserved nothing for appellate review because he did not file a motion for a

new trial. Rule 29.11(d). Therefore, our review is limited to determining whether the trial court committed plain error which resulted in manifest injustice or miscarriage of justice. Rule 29.12(b).

■ Defendant presents one point on appeal. He contends that the trial court committed plain error in compelling him to appear at trial without counsel because he did not knowingly and intelligently waive counsel as he was not apprised by the court of the perils and risks of self-representation. Further, he alleges that the trial court erroneously determined that he was financially able to retain counsel.

■ A defendant can waive his right to counsel impliedly by failing to retain counsel after being afforded ample opportunity to retain one. *State v. Wilson*, 816 S.W.2d 301, 305 (Mo.App.1991). It is not sufficient, however, for a trial court to correctly determine that a defendant has waived his right to counsel; the trial court must still determine whether the defendant made a knowing and intelligent waiver of his right to counsel. *Id.* A court is obligated to ensure that a waiver is knowing and intelligent, even where the waiver is deduced from conduct. *State v. Bethel*, 896 S.W.2d 497, 500 (Mo.App.1995).

■ If the record does not disclose that the defendant's waiver of his right to counsel was a knowing and intelligent one, the presumption arises that it was not. *State v. Nicolosi*, 588 S.W.2d 152, 156 (Mo.App.1979). Because of the strong presumption against waiver of counsel, the trial judge must investigate "as long and as thoroughly as the circumstances of the case before him demand." *Wilson*, 816 S.W.2d at 306 (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948)). For a waiver to be knowing and intelligent, the United States Supreme Court has stated:

> [it] must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make cer-

tain that an accused's proffered waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all circumstances under which such a plea is tendered. *Id.* at 724, 68 S.Ct. at 323.

■ Although there is no specific litany required for apprising a *pro se* defendant of the difficulty and dangers of self-representation, the defendant should be apprised in terms sufficient to enable him to make an intelligent decision. *Wilson*, 816 S.W.2d at 307. This court has stated that when determining whether a defendant should represent himself, the trial court should 1) advise the defendant of the dangers and disadvantages of self-representation, 2) inquire into the defendant's intellectual capacity to make an intelligent decision, and 3) make the defendant aware that, in spite of his efforts, he cannot afterwards claim inadequacy of representation. *State v. Quinn*, 565 S.W.2d 665, 676–77 (Mo.App.1978).

The facts in *Bethel* are similar to the case at hand. In *Bethel*, the defendant appeared at trial without counsel. 896 S.W.2d at 499. The trial court informed the defendant that he had nearly five months to hire counsel or make an application to the public defender's office. *Id.* The defendant stated that it was not his desire to represent himself. *Id.* On appeal, the Southern District held that the defendant did not knowingly and intelligently waive his right to counsel because he was not advised of the perils of self-representation. *Id.* at 500.

■ As in *Bethel*, defendant was informed he would have to represent himself if he did not have an attorney at trial. If defendant waived his right to counsel, it was by his failure to obtain an attorney after given ample opportunity to do so. *See Wilson*, 816 S.W.2d at 305. A non-indigent defendant, however, who says he wants an attorney, still must be admonished of the perils of self-representation. *State v. Yardley*, 637 S.W.2d 293, 296 (Mo.App.1982). Defendant herein was not so advised.

There is nothing in the record to indicate that defendant understood the dangers and disadvantages of self-representation. The

trial court did not inform defendant of the elements of the charged offense, the range of punishment nor the possible defenses and mitigating circumstances. Further, the trial court did not inform defendant that he would be at an extreme disadvantage by appearing *pro se.* The trial court simply informed defendant that he would have to represent himself if he failed to obtain counsel. In short, the trial court failed to determine that defendant understood the perils of self-representation.

■ Defendant requests that his point on appeal be reviewed under the plain error rule. Rule 29.12(b) states "[p]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The United States Supreme Court has stated that the "right to counsel is so basic to a fair trial that [its] infraction can never be treated as harmless error." *Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988) (citation omitted).

The error here was not harmless. Defendant was not informed of the perils of self-representation. He did not know the seriousness of the charges and that if found guilty, he could be sentenced to life imprisonment. The trial court's failure to inform defendant of the inherent pitfalls of self-representation constituted plain error. Defendant's first subpoint is dispositive of the case, therefore, we need not address defendant's contention that the trial court erred in finding that he was financially able to retain counsel.

Defendant's convictions and sentences are reversed and the case is remanded for a new trial.

AHRENS, C.J., and DOWD, J., concur.