999 S.W.2d 291 (1999)
In the Interest of D.L.
No. 74430.
Missouri Court of Appeals, Eastern District, Southern Division.
August 17, 1999.
*293 Caterina DiTraglia, Nancy L. Vincent, Public Defenders Office, St. Louis, Renee Anne Murphy, Farmington, for appellant.
Shawn R. McCarver, Farmington, for respondents.
RHODES RUSSELL, Presiding Judge.
D.L. ("juvenile") appeals from an order of the Juvenile Division of the Circuit Court of St. Francois County committing him to the Division of Youth Services. We reverse and remand, as juvenile did not knowingly and intelligently waive his right to counsel.
On January 16, 1998, the Deputy Juvenile Officer ("juvenile officer") of St. Francois County filed a petition alleging juvenile committed two acts which would constitute assaults if committed by an adult. Juvenile officer subsequently filed an amended petition, removing one of the assault charges. Juvenile, K.L. ("mother"), and R.R. ("father"), signed a waiver of counsel form and juvenile pled guilty. The court entered its finding of jurisdiction and order of disposition, and juvenile was placed on probation.
On March 25, 1998, juvenile officer filed a motion to modify the prior order of disposition, alleging probation violations consisting of two acts which, if committed by an adult, would constitute assaults, and two technical violations for failure to report the incidents within forty-eight hours of their occurrence. Specifically, juvenile officer alleged that juvenile threw a rock at a youth just three days after he was placed on probation, and punched another youth in the head with a closed fist.
Prior to the hearing on the motion to modify, juvenile and mother signed another waiver of counsel form and proceeded pro se. At the conclusion of the hearing, the court found juvenile had violated the terms of his probation and committed him to the Division of Youth Services for an indeterminate period of time. Juvenile now appeals.
Juvenile proceedings are in the nature of civil proceedings, and the standard of review is the same as in a court-tried case. In re J.M., 847 S.W.2d 911, 913 (Mo.App.1993). The trial court's order will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id.; Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).
In his first point, juvenile contends the trial court erred in failing to ensure his waiver of counsel was knowing and intelligent.[1] As a result of this error, juvenile contends he was denied his rights to due process, a fair proceeding, and counsel, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 10 and 18(a) of the Missouri Constitution.
Because this allegation of error was not properly preserved, we review only for plain error. Under plain error review, we will grant relief only if the trial court's action resulted in manifest injustice or a miscarriage of justice. Rule 84.13(c).
The United States Supreme Court has noted that the due process clause of the Fourteenth Amendment requires that in a *294 juvenile delinquency proceeding, where the juvenile may be committed to a state institution, the juvenile must be afforded many, if not most, of the rights afforded to adult criminal defendants. In re Gault, 387 U.S. 1, 12, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527 (1967). Included among these rights are the right to notice of the charges, the right to counsel, the rights to confrontation and cross-examination of witnesses, and the privilege against self-incrimination. Id. at 31-56, 87 S.Ct. 1428.
With respect to the right to counsel in such a delinquency proceeding, the child and his parents must be notified of the child's right to be represented by counsel retained by them or, if they are unable to afford counsel, that counsel will be appointed to represent the child. Gault, 387 U.S. at 41, 87 S.Ct. 1428. The juvenile and his parents must also be confronted with the need for specific consideration of whether they do or do not choose to waive this right. Id. at 42, 87 S.Ct. 1428. Moreover, it is commonly recognized that courts should take "special care" in scrutinizing a purported confession or waiver by a child. Haley v. Ohio, 332 U.S. 596, 599, 68 S.Ct. 302, 304, 92 L.Ed. 224 (1948).
Although the Court in Gault did not specifically address the procedures or constitutional rights applicable to the post-adjudicative or dispositional stages of the juvenile process, certain passages of the opinion indicate that the fundamentals of due process should be applied in other critical stages affecting the liberty of a juvenile. State ex rel. D.E., 251 So.2d 703, 705 (Fla.App.1971) (extending Gault to juvenile probation revocation hearings). A hearing on a motion to modify is a critical stage in that the juvenile here, as in Gault, faced a potentially lengthy commitment to a state institution.
Notwithstanding Gault, Missouri statutes and rules provide that a juvenile is entitled to be represented by counsel in all juvenile court proceedings. Section 211.211.1 RSMo 1994;[2] Rule 116.01(a). When a petition has been filed, the court shall appoint counsel for the juvenile when necessary to assure a full and fair hearing. Section 211.211.3; Rule 116.01(c). A juvenile may waive his right to counsel only with the approval of the court. Section 211.211.8; Rule 116.01(h).
With respect to the constitutional requirements for waiving counsel, we begin our analysis with a reiteration of the standards for the waiver of counsel by adult defendants. An effective waiver of counsel must be voluntarily, knowingly and intelligently executed. Wilkins v. State, 802 S.W.2d 491, 501 (Mo. banc 1991) (citing Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)). Whether a waiver is made intelligently and knowingly depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. State v. Hunter, 840 S.W.2d 850, 858 (Mo. banc 1992). Likewise, the Missouri Supreme Court, in In re A.D.R., 603 S.W.2d 575 (Mo. banc 1980), suggests the validity of juvenile waivers of constitutional rights must be determined from "the totality of the circumstances." In re A.D.R., 603 S.W.2d at 584. This approach mandates inquiry into the juvenile's age, experience, education, background, intelligence, and capacity to understand the warnings given him. Id.
If the record does not disclose that the defendant's waiver of his right to counsel was knowing and intelligent, the presumption arises that it was not. State v. Davis, 934 S.W.2d 331, 334 (Mo.App. 1996). Because of the strong presumption against waivers of counsel, the trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand. Id.
Although a defendant need not have the skill and experience of a lawyer in *295 order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish "he knows what he is doing and the choice is made with eyes open." Faretta, 422 U.S. at 835, 95 S.Ct. 2525 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)). While there is no specific litany required for apprising a pro se defendant of the difficulty and dangers of self-representation, the defendant should be apprised in terms sufficient to enable an intelligent decision. State v. Kilburn, 941 S.W.2d 737, 739 (Mo. App.1997).
Missouri courts have also held that a valid waiver must be made with an apprehension of (1) the nature of the charges; (2) the statutory offenses included within them; (3) the range of allowable punishments thereunder; (4) possible defenses to the charges and circumstances in mitigation thereof; and (5) all other facts essential to a broad understanding of the whole matter. State v. Schnelle, 924 S.W.2d 292, 296-97 (Mo.App.1996).
We hold that the constitutional requirements for waiver of counsel by juveniles in proceedings should be no less than those requirements for waiver of counsel by adults in criminal actions.
A parent or guardian accompanying a child at juvenile proceedings does not diminish judicial responsibility for a searching inquiry into the validity of a potential waiver of the right to counsel. In re Manuel R., 207 Conn. 725, 543 A.2d 719, 725 (1988) (finding insufficient evidence to establish that a fifteen-year-old voluntarily and knowingly waived his right to counsel). The presence of a parent or guardian, with no training in the law, is no guarantee that a child will be fully informed or meaningfully represented. Id.
In the present case, juvenile was thirteen years old at the time of the hearing on the motion to modify. He could not read, had an I.Q. of 95, did not comprehend well, had been diagnosed with attention deficit hyperactivity disorder for which he was prescribed Ritalin and Tenex, and attended learning disabled and behavior disordered classes at his school.
While the record indicates the right to counsel was explained and waived at the original adjudication and again prior to the hearing on the motion to modify, nothing in the record indicates juvenile or his parents were advised of, or understood, the perils of self-representation.
The first written waiver, signed by juvenile, mother, father, and a witness, stated:
Now on this 23rd day of February, 1998, it has been thoroughly explained to me that I have the right to an attorney and that if I cannot afford one, one will be appointed for me.
I am willing to proceed with the hearing of the Juvenile Court on the 23rd day of February, 1998, and waive (give up) my right to legal counsel (attorney).
The second written waiver, signed prior to the hearing on the motion to modify by juvenile, mother, and juvenile officer, was identical to the first, except that it was dated April 27, 1998. Its signing was accompanied by the following colloquy:
THE COURT: [Juvenile] and [mother] do both of you understand that [juvenile] has a right to have an attorney to represent him at a hearing on this motion to modify, and that if you folks could not afford an attorney I would appoint an attorney for free to represent [juvenile]. Do you understand that right [juvenile]?
JUVENILE: Yes.
THE COURT: [Mother] do you understand [juvenile's] right to legal counsel and free legal counsel?
MOTHER: Uh-huh.
THE COURT: [Mother] you need to answer either yes or no if you would, please?
MOTHER: Yes.

*296 THE COURT: ... Are both of you telling me by this written waiver of legal counsel that knowing [juvenile's] right to an attorney, knowing his right to a free attorney, that both of you want to waive or give up that right to an attorney and proceed with this hearing without an attorney? Is that what you are telling me [juvenile]?
JUVENILE: Yes.
THE COURT: [Mother] is that what you are telling me also?
MOTHER: Yes.
Because a defendant who manages his or her own defense relinquishes many of the benefits associated with the right to counsel, it is not enough to show the defendant simply agreed to waive the right to counsel. Schnelle, 924 S.W.2d at 296. The prosecution bears the burden to prove the waiver was knowing and intelligent. Id.
The trial court herein never questioned juvenile or mother regarding their knowledge of various trial procedures or the rules of evidence. See State v. Revelle, 809 S.W.2d 444, 448 (Mo.App.1991); Faretta, 422 U.S. at 835-36, 95 S.Ct. 2525.[3] Without such knowledge, juvenile and his mother may well have had difficulty cross-examining witnesses and presenting evidence. Nor is there any indication the trial court otherwise informed juvenile or his mother that he would be at an extreme disadvantage by appearing pro se. See Kilburn, 941 S.W.2d at 742-43; Davis, 934 S.W.2d at 334-35; Revelle, 809 S.W.2d at 448 (Mo.App.1991).[4]
Moreover, the record indicates the hearing on the motion to modify began with the aforementioned colloquy in which juvenile and mother agreed to waive the right to counsel. The waiver was not preceded by a discussion of the nature of charges, the range of allowable punishments, or juvenile's possible defenses. It is imperative that the trial court make a record demonstrating an individual has been apprised of such matters prior to the time he or she waives counsel in order for the waiver to be considered knowing and intelligent. See Kilburn, 941 S.W.2d at 739; Schnelle, 924 S.W.2d at 298; Hunter, 840 S.W.2d at 858-59. The reason for such a requirement is obvious. Schnelle, 924 S.W.2d at 297. It would serve no purpose to alert a defendant to the matters he should consider in deciding whether to waive counsel after the waiver has already occurred. Id.
The juvenile court did not inform juvenile and mother of the nature of the charges until after they agreed to waive counsel, when the following discussion occurred:
THE COURT: [Juvenile] do you fully understand those facts as alleged in the motion to modify?
JUVENILE: Yes.
THE COURT: [Mother] do you fully understand those allegations or facts as alleged in that motion to modify?
MOTHER: No.
THE COURT: Do you want me to read it to you [mother] or do you want to take another look at it and read it to yourself? How do you want to do that?
MOTHER: No.

*297 THE COURT: I don't understand what you are responding to, no to what. Do you want me to read these allegations of this motion to modify to you?
MOTHER: Uh-huh.
THE COURT: That means yes?
MOTHER: Yes.
After reading the motion to modify aloud in court, the judge again asked mother if she understood the facts alleged therein, to which she replied, "Yes." Even assuming this colloquy sufficiently informed juvenile and mother of the nature of the charges, it does not render the waiver of counsel knowing and intelligent because the waiver had already occurred.
As to the range of possible punishments, it should be noted that, prior to the hearing, juvenile received a copy of the motion to modify and a written "notice of probation violation" for each alleged assault. Each notice contained a paragraph, written in boldface type and capital letters, stating:
WARNING!
THE JUVENILE RECEIVED NOTIFICATION THAT, PURSUANT TO SECTION 211.063.2(2), R.S.Mo., THE CONSEQUENCES OF VIOLATING EITHER THE CONDITIONS OF THE PROBATION ORDER, THIS ORDER OR ANY OTHER DIRECTED TO THE JUVENILE COULD RESULT IN: ADDITIONAL COURT ACTION, INCLUDING ADDITIONAL PERIOD OF PROBATION, SERVING A PERIOD OF SHOCK TIME IN THE DETENTION FACILITY, COMMITMENT TO THE DIVISION OF YOUTH SERVICES OR OTHER AGENCY, THE ASSESSMENT OF COURT COSTS OR RESTITUTION, OR ANY COMBINATION THEREOF, OR ANY OTHER LAWFULLY AUTHORIZED DISPOSITION FOR THE CARE AND TREATMENT OF JUVENILES. (Emphasis added).
Because juvenile signed his name next to each of these paragraphs, juvenile officer contends he was sufficiently apprised of the possible consequences for violating his probation. We disagree.
First, juvenile received these notices a month prior to the hearing. There is no indication he was cognizant of the possible consequences at the time he waived counsel. Second, the record indicates juvenile had a learning disability and could not read. Thus, he may not have understood the possible consequences at the time he rendered his signature. In light of such circumstances and the strong presumption against a waiver of counsel, the trial judge should have taken additional steps to ensure juvenile understood the possible consequences at the time counsel was waived.
Moreover, counsel for juvenile officer conceded at oral argument that neither juvenile nor mother were informed, prior to or during the hearing, of possible defenses to the allegations contained in the motion to modify.
Based upon this record, juvenile did not knowingly and intelligently waive his right to counsel. As our determination of this issue is dispositive of the appeal, we need not consider juvenile's remaining points.
We reverse the order of the juvenile court and remand for a new hearing on the motion to modify.
LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J, concur.
NOTES
[1] Juvenile also contends the trial court erred in failing to ensure compliance with the written waiver requirements of section 600.051 RSMo 1994. That section, however, is inapplicable as it applies only to waivers of counsel in criminal proceedings.
[2] All further statutory references are to RSMo 1994 unless otherwise indicated.
[3] In Faretta, the Court noted, "You wouldn't know those ground rules more than any other lawyer will know those ground rules until he gets out and tries a lot of cases. And you haven't done it." Faretta, 422 U.S. at 808 n. 2, 95 S.Ct. 2525.
[4] In Revelle, the trial court made the following comments relating to the risks of proceeding pro se: "I think I have tried to point out, although to be rather briefly here, I think it's a bad decision and unwise for you to proceed without a lawyer. Do you understand that?" Id. at 448. "And again, I want to caution you that in most instances self-representation is unwise and I have seen it in the years I have been on the bench and have never seen an instance of that where I thought that a defendant has benefited himself by doing that. However, you do have a constitutional right to do that as long as you fully understand the consequences." Id.