**In the Interest of D.J.M.**

No. SC 89095.

Supreme Court of Missouri,
En Banc.

July 29, 2008.

**534**

Branson L. Wood III, Hannibal, MO, for Appellant.

Douglas F. Browne and Thomas P. Redington, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

D.J.M., a juvenile, made statements through Internet instant messaging to a classmate that he was depressed and wanted to take a weapon to school and kill certain classmates and then himself. The trial court found that D.J.M.'s conduct would be a misdemeanor peace disturbance pursuant to section 574.010[1] if committed by an adult and ordered supervision and treatment. D.J.M. and his parents separately appeal from the judgment. The parents argue that section 574.010 is overbroad and unconstitutionally vague and that there was insufficient evidence to find that D.J.M.'s conduct rose to the level of a true threat. D.J.M. joins his parent's arguments on appeal and separately argues that the adjudication of the delinquency proceedings without counsel violated his constitutional right to counsel. It is reversible error for the trial court to allow the proceedings to continue without counsel for D.J.M. and without sufficient evidence that D.J.M. waived this right as required by section 211.211.[2] The judgment is reversed.

**I.**

D.J.M., a 16–year–old high school student, uses Internet instant messaging to communicate with other classmates. On October 24, 2006, during one of these conversations, D.J.M. stated that he was depressed and wanted to take a handgun and a machine gun to school to kill numerous students and then kill himself.

The principal of the school was notified of this conversation and called the police, who arrested D.J.M. that night. D.J.M. gave a statement, admitting to the conver-

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

Section 574.010.1(1)(c) provides that a person commits the crime of peace disturbance if he "unreasonably and knowingly disturbs or alarms another person or persons by … [t]hreatening to commit a felonious act against any person under circumstances which are likely to cause a reasonable person to fear that such threat be carried out …"

2. Section 211.211 states in pertinent part

1. A party is entitled to be represented by counsel in all proceedings.
2. The court shall appoint counsel for a child prior to the filing of a petition if a request is made therefor to the court and the court finds that the child is the subject of a juvenile court proceeding and that the child making the request is indigent.
3. When a petition has been filed, the court shall appoint counsel for the child when necessary to assure a full and fair hearing.
. . .
7. The child and his custodian may be represented by the same counsel except where a conflict of interest exists. Where appears to the court that a conflict exists, it shall order that the child and his custodian be represented by separate counsel, and it shall appoint counsel if required by subsection 3 or 4 of this section.
8. When a petition has been filed, a child may waive his right to counsel only with the approval of the court.
. . . .

sation, but stated that it was a joke; he had no gun and had no intention of shooting anyone.

On October 27, 2006, the juvenile officer filed a petition against D.J.M. alleging as one of three counts that the juvenile "unreasonably and knowingly disturbed" a classmate and committed an act that would be the class A misdemeanor of peace disturbance in violation of section 574.010 if committed by an adult.[3] D.J.M.'s parents filed a motion to dismiss on the grounds that section 574.010 is unconstitutional for proscribing constitutionally protected free speech.

On October 31, 2006, the trial court held a detention hearing. The parents were represented by an attorney, but D.J.M. had no counsel. The trial court stated that the attorney present was only representing the parents and that "there could be a conflicting interest involved." D.J.M. did not waive his right to counsel.

The court issued the order of detention and granted the parents' motion for a psychiatric evaluation. An adjudication hearing was held on January 30, 2007, and D.J.M. was released from detention into the custody of his parents. A bench trial was held on February 8, 2007. The court found that D.J.M.'s conduct violated section 574.010 and ordered that he receive supervision and treatment.

The parents and D.J.M., pro se, separately appeal from the judgment. The parents argue that section 574.010 is overbroad and unconstitutionally vague and that there was insufficient evidence to find his conduct rose to the level of a true threat. D.J.M. joins the parents' constitutional challenges and argues separately that the adjudication of the proceedings without counsel violated his constitutional right to counsel. Because the juvenile and the parents challenge the validity of a statute, this Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

## II.

■ The juvenile officer argues that D.J.M.'s challenge to his right to counsel was not preserved for appeal because it was not raised at the trial court; therefore, the proper standard of review is plain error. Although D.J.M. did not properly preserve the challenge to his right to counsel, both federal and state courts recognize the right to counsel as a fundamental right, necessary to ensure fairness in criminal proceedings as well as in juvenile delinquency proceedings. *See Application of Gault,* 387 U.S. 1, 34–42, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Martin,* 411 S.W.2d 215, 217–18 (Mo.1967); *In re D.L.,* 999 S.W.2d 291, 293–94 (Mo.App.1999). It has also been described as one of the most pervasive rights "as it affects the defendant's ability to assert any other rights he may have." *State v. Dixon,* 916 S.W.2d 834, 837 (Mo.App.1995). Because of the importance of the right to counsel to the fairness of the proceedings, there must be strict and literal compliance with the statutes affecting this right, and failure to strictly comply results in reversible error. *In the Interest of C.W.,* 211 S.W.3d 93, 97–98 (Mo. banc 2007).

## III.

■ D.J.M. argues that the adjudication of the delinquency proceedings without counsel violated his constitutional right to

---

3. Count II alleged an additional violation of section 574.010 for a separate incident, involving a physical altercation with another student at school. Count III alleged that the threats to obtain a weapon and the contact with a classmate believed to have access to a weapon was a violation of section 564.011, the class C felony of attempt to commit an assault in the first degree if committed by an adult.

counsel guaranteed in the 5th, 6th, and 14th Amendments and article I, sections 10 and 18 of the Missouri Constitution. The Court need not address the constitutional issues because D.J.M. was not provided his statutory right to counsel pursuant to section 211.211.

Missouri law provides that juveniles have a statutory right to counsel in all delinquency proceedings. Section 211.211.1. Section 211.211 also provides for appointment of counsel for the juvenile. Prior to filing the petition, the court shall appoint counsel for the child if a request is made, the child is the subject of a juvenile court proceeding, and the child is indigent. Section 211.211.2. After the petition is filed, the trial court "shall appoint counsel for the child when necessary to assure a full and fair hearing." Section 211.211.3. The child may waive this right to counsel, but only with the approval of the trial court. Section 211.211.8. It is significant to note that while section 211.211.2 triggers the appointment of counsel upon request prior to filing the petition; after the filing of the petition, section 211.211.3 provides that the appointment of counsel for the juvenile is mandatory when necessary to assure a fair hearing unless knowingly and intelligently waived. *See State v. Black,* 223 S.W.3d 149, 153 (Mo. banc 2007). The child and the parents may also be represented by the same counsel if no conflict of interest exists. Section 211.211.7.

The trial court had a duty to appoint counsel for D.J.M. to assure a full and fair hearing. The detention hearings, adjudication hearing, and the bench trial all involved complex legal and evidentiary issues with testimony from multiple witnesses. D.J.M. presented no evidence,

did not testify and did not cross-examine the witnesses. There is no evidence on the record that the trial court discussed D.J.M.'s right to counsel or obtained a knowing and intelligent waiver of this right. The trial court did not advise D.J.M. of the nature of the proceedings, the consequences of the finding of delinquency, possible defenses, or the dangers of proceeding without counsel.

It is not established in the record that the presence of the parents' attorney adequately protected D.J.M.'s statutory rights in this proceeding. The attorney was clear on the record that he did not undertake joint representation and only represented the parents' interest in this action. Further, the trial court acknowledged that there could be a potential conflict of interest between D.J.M. and his parents, which would preclude joint representation. *See* section 211.211.7.

### IV.

The trial court did not strictly comply with section 211.211 when it failed to appoint counsel for D.J.M. without a full record supporting waiver of his right to counsel or representation of D.J.M. by other counsel in the case who was not subject to a conflict of interest. This noncompliance results in reversible error.[4] The judgment is reversed.[5]

LAURA DENVIR STITH, C.J., TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and ELLIS, Sp.J., concur.

LIMBAUGH, J., not participating.

---

4. As the determination of this issue is dispositive of this appeal, the Court need not consider the remaining points.

5. Prior to the resolution of this appeal, on June 17, 2008, the trial court terminated jurisdiction over D.J.M. and discharged him from further supervision.