

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| In the Interest of: | ) | No. ED101597 |
| N.R.W., | ) | |
| | ) | Appeal from the Circuit Court of |
| Minor. | ) | St. Charles County, Missouri |
| | ) | 13AD-JU00213 |
| | ) | |
| | ) | Honorable Nancy L. Schneider |
| | ) | |
| | ) | Filed: February 23, 2016 |

### OPINION

N.R.W. ("Juvenile") appeals from the judgment and order of disposition of the Juvenile Division of the Circuit Court of St. Charles County arising out of the charges against Juvenile for possession of a controlled substance (over thirty-five grams of marijuana) and possession of drug paraphernalia. The court found Juvenile committed the offenses and ordered Juvenile to attend outpatient substance abuse treatment. When Juvenile failed to attend the court-ordered treatment, the court committed Juvenile to the Division of Youth Services until Juvenile's eighteenth birthday. Because we find that the court failed to comply with the statutory provisions applicable to Juvenile's right to counsel, we reverse and remand for proceedings consistent with this opinion.

## Jurisdiction

We note at the outset that since Juvenile turned eighteen on May 4, 2014, Juvenile completed his commitment to the Division of Youth Services before this appeal was filed, thus raising the question of whether this appeal is moot. We address this issue *sua sponte* because we lack jurisdiction to decide moot issues. *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo.App.W.D. 2011).

While juvenile court records are normally confidential, there is an exception found in section 211.321.[1] According to section 211.321.2(2), since Juvenile was adjudicated delinquent for an offense that would be considered a felony if committed by an adult, the records of Juvenile's dispositional hearing under certain circumstances may be open to the public which represents a significant collateral consequence for Juvenile into his adult life. See section 195.202.2 (stating, *inter alia,* that possession of thirty-five grams or more of marijuana is a class C felony); *In re A.G.R.*, 359 S.W.3d 103, 108 (Mo.App.W.D. 2011) (recognizing an exception to mootness where the decision being appealed could have significant collateral consequences for one or more of the parties); *State v. Sapien*, 337 S.W.3d 72, 77-78 (Mo.App.W.D. 2011) (finding pursuant to section 211.321.2(2) that it was proper to allow juvenile court records into evidence during the sentencing phase of defendant's trial as an adult). As a result, we find that this appeal is not moot and we have jurisdiction.

---

[1] All statutory references are to RSMo 2000 unless otherwise indicated. All Rule references are to Missouri Court Rules 2015 unless otherwise indicated.

## Facts and Procedural History

In July 2013, when Juvenile was sixteen years old, a petition was filed in the Juvenile Division of the Circuit Court of St. Charles County alleging that on April 2, 2013, Juvenile committed the delinquent acts of possession of a controlled substance and possession of drug paraphernalia.

On September 10, 2013, Juvenile appeared with his parents for his adjudication hearing for the court to determine whether Juvenile committed the acts alleged in the petition. The Juvenile Officer was represented by counsel who called two witnesses. Juvenile's father ("Father") appeared at the hearing and questioned the witnesses, but Father is not an attorney. No record was made regarding Juvenile's right to counsel, his parents' right to counsel, or whether Juvenile or his parents objected to proceeding without counsel or waived counsel. At the close of the evidence, the trial court found that it had jurisdiction over Juvenile and found beyond a reasonable doubt that Juvenile committed the offenses charged.

On October 15, 2013, Juvenile appeared with both of his parents for his dispositional hearing to determine Juvenile's punishment. Again, no record was made regarding Juvenile's right to counsel or his parents' right to counsel. The court ordered Juvenile to be placed in the custody of his parents under the supervision of the court and for Juvenile to undergo a substance abuse program.

On December 11, 2013, the Juvenile Officer filed a motion to modify the court's disposition order on the basis that Juvenile had violated his court-ordered supervision by failing to attend the substance abuse treatment. The matter was set for hearing on December 23, 2013, and notice of that hearing was sent to Juvenile and his parents

3

informing them that Juvenile had the right to have an attorney represent him at the hearing and that if he could not afford one, the court would appoint an attorney for him.

On December 16, 2013, Juvenile requested a continuance and that an attorney be appointed to represent Juvenile and his parents in the matter. The court appointed an attorney to represent Juvenile, but did not appoint an attorney to represent his parents. On December 19, 2013, counsel entered her appearance on behalf of Juvenile.

On December 23, 2013, Juvenile appeared with counsel and his parents for the hearing on the motion to modify. At the beginning of the hearing, Father advised the court that Juvenile's appointed counsel did not represent Father and that Father wanted a continuance so that he could prepare and discuss the case with Juvenile's attorney whom he had just met and had not spoken with until that day. The court-appointed counsel confirmed that she did not represent the parents. Father also indicated that he wanted an attorney appointed for himself. The court advised Father that he did not qualify for an appointed attorney because he was not a party. The court denied Father's request for an attorney and the request for a continuance.

At the conclusion of the hearing, the court found that Juvenile had violated the terms of his supervision and ordered Juvenile to be placed in the custody of the Division of Youth Services until discharged by law or until reaching the age of eighteen. The court also granted court-appointed counsel's motion to withdraw as Juvenile's attorney.[2] This appeal follows.

---

[2] We are unable to determine from the record the basis for the court's order granting court-appointed counsel's motion to withdraw, but note that pursuant to section 211.211.6 and Rule 115.03, court-appointed counsel is supposed to represent the juvenile during all stages of the proceedings, including any appeal, unless relieved by the court for good cause shown.

4

## Standard of Review

Juvenile proceedings are reviewed under the same standard as other court-tried cases, meaning that the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re M.M.*, 320 S.W.3d 191, 195 (Mo.App.E.D. 2010).

## Discussion

One of the points raised by Juvenile is that he was denied the right to counsel during the juvenile delinquency proceedings. Because we find this argument to be dispositive of Juvenile's appeal, we need not consider the additional arguments presented.

The right to counsel is a fundamental right necessary to ensure fairness in juvenile delinquency proceedings. *In re D.J.M.*, 259 S.W.3d 533, 535 (Mo.banc 2008). Because of the importance of the right to counsel, there must be strict and literal compliance with the statutes affecting this right, and a failure to strictly comply is reversible error. *Id.* (citing *In the Interest of C.W.*, 211 S.W.3d 93, 97-98 (Mo.banc 2007)).

Pursuant to section 211.211.1, a party is entitled to be represented by counsel in all juvenile court proceedings. See also Rule 115.01. After a petition has been filed against the juvenile, the court shall appoint counsel for the juvenile when necessary to assure a full and fair hearing. Section 211.211.3; Rule 115.02.

The child may waive his right to counsel only with the approval of the court. Section 211.211.8; Rule 115.01. Waiver of counsel by a child may be withdrawn at any stage of the proceeding and counsel shall be appointed for the child when necessary to assure a full and fair hearing. Section 211.211.9; Rule 115.01. Thus, "after the filing of

5

the petition, section 211.211.3 provides that the appointment of counsel for the juvenile is mandatory when necessary to assure a fair hearing unless knowingly and intelligently waived." *In re D.J.M.*, 259 S.W.3d at 536.

If the record does not disclose that the waiver was knowing and intelligent, a presumption arises that it was not. *In re D.L.,* 999 S.W.2d 291, 294 (Mo.App.E.D. 1999). The State has the burden to show that the waiver was knowing and intelligent. *Id.* at 296. The constitutional requirements for a valid waiver of counsel by juveniles are no less than what is required for waiver of counsel by adults in criminal proceedings. *Id.* at 295. That is, a valid waiver must be made with an understanding of (1) the nature of the charges, (2) the statutory offenses included in them, (3) the range of allowable punishments, (4) possible defenses to the charges and circumstances in mitigation thereof, and (5) all other facts necessary to a full understanding of the matter. *Id.* "It is imperative that the trial court *make a record* demonstrating an individual has been apprised of such matters *prior* to the time he or she waives counsel in order for the waiver to be considered knowing and intelligent." *Id.* (emphasis in original). Having a parent or guardian, with no training in the law, appear with the juvenile does not diminish judicial responsibility to ensure a valid waiver and is no guarantee that a juvenile will be fully informed or meaningfully represented. *Id.*

The child's custodian is also entitled to appointed counsel if the court finds: 1) that the custodian is indigent; 2) that the custodian desires the appointment of counsel; and 3) that a full and fair hearing requires appointment of counsel for the custodian. Section 211.211.4; Rule 115.03.

Counsel shall serve for all stages of the proceedings, including appeal, unless relieved by the court for good cause shown. Section 211.211.6; Rule 115.03. If no appeal is taken, services of counsel are terminated following the entry of an order of disposition. Section 211.211.6; Rule 115.03. The child and the custodian may be represented by the same counsel except where a conflict of interest exists. Section 211.211.7; Rule 115.02. If it appears that a conflict exists, the child and the custodian shall be represented by separate counsel. Section 211.211.7; Rule 115.02.

When the juvenile proceedings reach the stage of an adjudication hearing, the court shall first determine, among other things, whether the juvenile has been informed of the right to counsel, including the right to appointed counsel. Rule 128.02(a). The court shall also determine whether the juvenile's guardian, custodian, or parents have been informed of the right to counsel. *Id.* Further, the court must inquire with the juvenile and the juvenile's guardian, custodian, or parents whether any of them objects to proceeding without counsel, unless represented by counsel or the right to counsel has been waived. *Id.*

Here, the record at Juvenile's adjudication hearing is devoid of any discussion regarding whether Juvenile or his parents had been informed of their right to counsel or whether they objected to proceeding without counsel. The same is true for Juvenile's first dispositional hearing. In fact, the record illustrates that it was not until notice was sent regarding the hearing on the motion to modify the disposition that Juvenile was first informed of the right to counsel. Thereafter, a request was made for counsel to represent Juvenile and his parents. Juvenile was appointed counsel, but his parents were not

7

appointed counsel. Then, at the hearing, Father again requested counsel, but the court denied this request. We find that the court erred in several respects.

First, at the adjudication hearing, the court was required to inform Juvenile and his parents of their right to counsel. Rule 128.02(a). The court did not do this and there is no record that Juvenile and his parents were ever informed of their right to counsel until after the adjudication and first disposition hearings. This was too late.

Juvenile was entitled to be informed of his right to counsel at the adjudication hearing where it would be determined whether Juvenile committed the offenses alleged. Because Juvenile was not informed of his right to counsel, reversal is required. *In re D.J.M.*, 259 S.W.3d at 536. If Juvenile decided to waive this right, the waiver had to be knowing, intelligent, and on the record. *In re D.L.*, 999 S.W.2d at 294-95; section 211.211.8. This did not occur. The fact that Father appeared at the adjudication hearing does not remedy this error. *In re C.F.*, 340 S.W.3d 296, 301 (Mo.App.E.D. 2011) (finding that the trial court commits reversible error when it fails to comply with section 211.211 even where a parent is given an opportunity to cross-examine and otherwise participate in the hearings).

The trial court also erred in summarily determining that Father did not have a right to counsel because he was not a party. To the contrary, Rule 110.04(a)(20) defines a "party" in a juvenile proceeding as not only the juvenile who is the subject of the proceeding but also the parents, guardian, and custodian of the juvenile. In addition, Father was entitled to appointed counsel if he was indigent, desired the appointment of counsel, and if it was necessary to a full and fair hearing. Section 211.211.4; Rule

8

115.03. No record was made regarding any of these determinations and this mandates reversal as well.

## Conclusion

For the reasons stated above, we reverse and remand for proceedings consistent with this opinion.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J. and
Lawrence E. Mooney, J., concur.

9